## HUGHES et al. v. HERRON.
### No. 1392—5327.

Commission of Appeals of Texas, Section A.
Feb. 4, 1931.

Marshall & King, of Graham, for plaintiffs in error.

House & Wilson, of Dallas, and Taylor, Muse & Taylor, of Wichita Falls, for defendant in error.

CRITZ, J.

This suit was instituted by Lynnie Herron, a feme sole, defendant in error, against John W. Hughes and wife, Maud Hughes, in the district court of Young county, Tex., pleading a parol trust resting upon certain conveyances shown in the chain under which the plaintiffs in error claim their title, and praying for an accounting by virtue of the trust, and for cancellation of the deed under which plaintiffs in error claim, and for a money judgment against John W. Hughes and wife, Maud Hughes, for all sums and properties that came into the hands of either of said parties by virtue of the trust.

The case was submitted to a jury in the district court on special issues, and that court rendered a judgment on such issues that Lynnie Herron take nothing by her suit. She appealed to the Court of Civil Appeals for the Second District at Fort Worth, which court reversed the judgment of the district court and rendered judgment for Lynnie Herron. The case is before the Supreme Court on writ of error granted on application of John W. Hughes and wife, Maud Hughes.

The opinion of the Court of Civil Appeals is reported at 11 S.W.(2d) 567. That court has made a very extensive statement of the facts and issues of this case, and, in the interest of brevity, we refer to, and adopt the statement therein.

In answer to issue No. 2, the jury expressly found that on and prior to January 10, 1923, the date of the partition agreement, mentioned in the opinion of the Court of Civil Appeals, the defendant John W. Hughes had no agreement with Mary L. Herron, the mother of Lynnie Herron, to later transfer to Mary L. Herron any further mineral interest in the property. In answer to issue No. 4–A the jury found that Mary L. Herron accepted a certain check from John W. Hughes, believing and relying upon the statement of John W. Hughes, made at the time of the execution and delivery of the partition agreement, that he would later transfer to Mary L. Herron and Lynnie Herron a further interest in the minerals in the property in dispute.

The two answers are certainly conflicting, because the answer to issue No. 2 expressly finds that there was no agreement between Mary L. Herron and John W. Hughes regarding a later transfer of any further mineral interest in the property to Mary L. Herron, while the answer to issue No. 4–A by necessary implication finds directly to the contrary. The Court of Civil Appeals holds: "In view of these two conflicting answers, in our opinion, the trial court erred in rendering a judgment for defendants, which judgment must have been based, in part at least, upon the answer to No. 2." The holding of the Court of Civil Appeals demonstrates the materiality of the conflict.

Also the jury found, in answer to issue No. 12, that the deed from F. Herron and wife to Graham National Bank was not burdened with any trust in favor of the Herrons. In answer to issue No. 14, the jury found that John W. Hughes accepted the deed from the bank to him with knowledge that the deed from Herron to the bank was burdened with a trust. These two answers are conflicting and inconsistent, because the answer to issue No. 12 finds directly that the deed from the Herrons to the bank was not burdened with a trust while the answer to issue No. 14 by necessary implication finds that it was burdened with

a trust. In view of the fact that the entire suit is predicated on an alleged parol trust resting upon the several conveyances, we think the conflict here pointed out is material, especially in view of the fact that the jury failed to answer issue No. 11–A. This last-mentioned issue submitted to the jury the question as to whether John W. Hughes induced Herron and his wife to execute the deed from them to the bank on the representations that such deed would be held by the bank in trust.

The other matters presented will not probably occur on another trial, and we pretermit any discussion thereof.

Because we think the conflicts in the verdict above pointed out are material, we recommend that the judgments of the Court of Civil Appeals and of the district court be both reversed, and the cause remanded to the district court for another trial.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.