## SOVEREIGN CAMP, W. O. W., v. SHUFORD.
### No. 3357.

Court of Civil Appeals of Texas. El Paso.

April 9, 1936.

Rehearing Denied May 7, 1936.

Lawrence R. Brooks, of Rio Grande, and J. T. Canales and Kenneth Faxon, both of Brownsville, for appellant.

Pope & Pope, of Laredo, for appellee.

WALTHALL, Justice.

On the 31st day of August, 1899, the appellant, Sovereign Camp of the Woodmen of the World, issued to Ed Shuford a policy of life insurance, No. 36,145, for $2,000, as a member of such camp, at the age of 39 years, and in which policy appellee, wife of the insured, was named the beneficiary. The insured remained in good standing, keeping his monthly installment dues on such policy and camp dues and other assessments paid up to and including the 1st day of February, 1932, the insured then having become seventy years old on the 8th day of March, 1930, at which age, it is alleged, the insured became entitled under the constitution and by-laws of the appellant order to old age benefit with no further payments of premiums on such policy. It is alleged that regardless of his said rights and privileges of old age benefits provided for in the appellant's constitution, the insured attempted to continue paying his monthly policy assessments and other dues on such policy, but appellant's local camp clerk, whose authorized duty it was to receive and receipt for such dues, acting upon orders from appellant's home office, refused to receive and receipt for such dues.

It is alleged that on March the 8th, when the insured arrived at the age of seventy years, he was physically disabled and was physically unable to earn a livelihood, and that from said time he remained physically disabled until his death, which occurred on the 18th day of August, 1933. It is alleged that on the 8th day of March, 1930, at the age of seventy years, the insured was entitled, under appellant's constitution and by-laws, to receive and be paid, upon surrender of his policy, as an old age benefit, the full amount of the reserve accumulation of his policy, including all apportionable funds thereto, less any indebtedness due to the order.

Appellee alleges that about August or September, 1930, the insured communicated

with appellant's camp secretary and advised him of his disability and requested such secretary to assist him in making proper application therefor (the old age benefit), but that said secretary failed to do so. It is alleged that the insured thereafter continued to pay his dues, which were accepted as all dues owing by him. It is alleged that about August, 1931, the insured, with W. W. Shuford, again called upon appellant's local camp secretary and requested him to assist insured in procuring said disability benefits, and that said secretary promised to do so, but never did, and that by reason of such failure of said secretary the insured was prevented from filing formal application for said benefits; that appellant had actual notice of the disability of the insured, and that the full amount of said policy with reservations and accumulations became due not later than August, 1931; appellee sues for $2,000 and any excess due which she does not know, and alleges that if the insured was bound to continue payments until the date of his death, appellant was in duty bound to apply same on moneys held by it.

Appellee sues for the amount of the policy, interest, penalty, and attorney's fee.

Appellant answered by demurrers, general denial, forfeiture of policy for nonpayment of assessments by insured, amendment of its constitution in 1919, and increase in its assessment rates. Appellee pleaded estoppel and illegality as to increase of assessment rates. Both parties further pleaded at length by supplements.

The trial court submitted the case on special issues, on which issues the jury found: The insured was permanently disabled at the time he arrived at the age of seventy years and thereafter prior to August, 1931; after the 1919 amendment to appellant's constitution and by-laws, an official representative of said camp called upon the insured and discussed with him the 1919 amendment and the matter of increasing premium payments; said representative represented to the insured that he (the insured) could continue paying the rate of assessments he was then paying, and still receive his old age benefit after arriving at 70 years of age if disabled, and that the difference between what he was then paying as an assessment and what should be paid in the future would be charged as a lien against such beneficial certificate; insured relied on such repre-

sentations; insured was misled to his damage by said representations; insured or some one for him after becoming seventy years of age and disabled attempted to make application to the camp for old age benefits claimed by him to be due him by appellant.

The court overruled appellant's motion, non obstante veredicto, based on the statement that the insured was suspended for nonpayment of dues on April 1, 1932, and was not reinstated, and that at the time of his death the insured had forfeited all his rights and was not a member of the order. The court entered judgment for appellee on her motion for $2,000, the amount of the policy, less the sum of $550.91 lien against the policy, $173.88 penalty, a total amount of recovery of $1,622.91. There being no evidence as to the reasonableness of the attorney's fee, it was ordered that appellee take nothing as to the attorney's fee. Appellant's motion for a new trial was overruled, and appellant appeals.

### Opinion.

The record presented here, as we interpret it, is substantially as follows: The insured on August 15, 1919, made application to the appellant order for a beneficiary certificate in the sum of $2,000, agreeing in the application that all of the provisions of the appellant's constitution and by-laws then in force or thereafter adopted should constitute the basis for and form a part of the benefit certificate, and agreed to pay all dues and assessments made while a member, and that upon suspension for noncompliance he and his beneficiary would forfeit all rights under the certificate. Pursuant to said application the certificate, on August 31, 1899, was issued to him in the sum of $2,000 plus $100 for a tombstone to be erected over his grave, the certificate containing substantially the same conditions as the application.

Omitting the amendments to the constitution and by-laws previous to the date of the certificate, the record shows that after December 31, 1919, under the provisions of the constitution and by-laws and the "Plan of the Apportionment and Readjustment," the insured was required to pay an annual assessment rate of $108.82 each year, or a monthly installment of $9.43 each month, in addition to local camp dues, in order to maintain his beneficiary certificate in favor after that date for the full amount of the death, monument, and old age disability benefits previously

provided. The insured did not pay this increased rate, and thereby elected the charging of an interest-bearing lien against his certificate in the sum of $440 and the cancellation of the monument and old age disability benefits previously provided. The lien above referred to bore interest which the member might pay at 4 per cent. per annum, either in annual or monthly payments. The insured, after December 31, 1919, and to and including the month of January, 1932, paid the 1917 rate of $2.-52 per month, plus the monthly interest of $1.47 on the lien, or a total of $3.99 per month, in addition to local camp dues.

The record shows no remittance at the home office to pay the February, 1932, or any subsequent monthly installment on the certificate, or any payment of interest on the lien subsequent to the payment for January, 1932.

The record shows the insured was suspended for failure to pay the February, 1932, and subsequent monthly installments due on his certificate.

However, the record does not show that appellant filed a motion to set aside the verdict of the jury or the entry of the judgment based thereon, but did file a motion for judgment non obstante veredicto. By such omission, and the filing of such motion, under the holdings of the courts, appellant admitted that there was sufficient evidence upon which the verdict could be based, and such findings, in so far as they were material, became binding and conclusive upon the parties. American Surety Co. v. Whitehead (Tex.Com. App.) 45 S.W.(2d) 958, and cases there cited.

We have concluded, under the record presented here, that the trial court entered a proper judgment.

We have considered all of appellant's assignments, and they are overruled.

Appellee's motion to strike appellant's brief is overruled.

The case is affirmed.

### On Motion for Rehearing.

In the opinion it is said: "The record does not show that appellant filed a motion to set aside the verdict of the jury or the entry of the judgment based thereon." The motion calls our attention to the above inaccurate statement. In the statement of the nature and result of the suit, in its brief, and which appellee sub-mitted was substantially correct, appellant said: "The court submitted the case on its merits to a jury upon special issues over defendant's objections 'after refusing defendant's motion for instructed verdict.' " Without examining the statement more carefully, we understood the above-quoted portion of the statement as meaning that the motion for judgment was based on the verdict; but the motion for judgment was based upon the statement of nonpayment of dues, and not upon the verdict of the jury.

We think it would serve no useful purpose to discuss again the issues discussed in the opinion. We think the trial court entered the judgment that should have been entered.

Other than the above correction, the motion is overruled.