## BOYLE et al. v. FISHER et al.
### No. 3485.

Court of Civil Appeals of Texas. El Paso.

March 18, 1937.

Rehearing Denied April 8, 1937.

Hamilton, Lipscomb & Wood, of Dallas, and Fowler & Conn and Ewing Werlein, both of Houston, for appellants.

Sewall Myer, of Houston, for appellee.

HIGGINS, Justice.

Appellants contested the application of appellees to probate the will of John J. Boyle, deceased.

The only issue submitted inquired as to the testamentary capacity of deceased. The jury found he did not possess such capacity, whereupon judgment was rendered and entered denying the application of the proponents. Proponents filed motion attacking the sufficiency of the evidence to support the finding of the jury, and prayed the judgment theretofore entered be set aside and a new trial granted.

Upon hearing the motion the court set aside the verdict and former judgment and rendered judgment probating the will.

It is the settled rule in this state that in the absence of a motion for judgment non obstante veredicto, the trial court must render judgment in accordance with the verdict or set the verdict aside. 25 Tex. Jur., Judgments, § 104; Hines v. Parks (Tex.Com.App.) 96 S.W.(2d) 970.

The judgment appealed from violated the rule stated, necessitating reversal.

But judgment will not be here rendered in appellants' favor as they pray. The evidence raises an issue as to the testamentary capacity of the testator. Had a motion been filed by proponents for judgment non obstante veredicto, it could not properly have been granted because the jury finding was not without support in the evidence. Acts 42d Leg., 1931, ch. 77, p. 119 (Vernon's Ann. Civ.St. art. 2211). Had such a motion been filed by proponents, and the last judgment rendered in response thereto, we would reverse and here render judgment upon the verdict in appellants' favor as was done by this court in Smith v. El Paso & N. E. Ry. Co., 67 S.W.(2d) 362. In cases of that nature the improper rendition of judgment non obstante veredicto is induced by the movant against whom a verdict has been rendered. In such a case, to remand for retrial operates to deprive the litigant in whose favor the verdict was returned of the judgment to which he was entitled, and grants a retrial to the litigant who induced the trial court to improperly render judgment in his favor. The movant in such a case obtains a retrial because of an error

which he invited and induced, and for which he is responsible. See Texas & N. O. R. Co. v. Harris, 101 S.W.(2d) 640, recently decided by this Court.

■ In our opinion a litigant who successfully moves for judgment non obstante veredicto does so at the peril of having the judgment in his favor reversed and rendered against him by the appellate court if it be found the motion was erroneously granted. This matter of practice was very carefully considered by this court in the Smith Case, supra.

■ But this case presents a different situation. Appellees did not move for judgment non obstante. They simply sought retrial. So far as disclosed by the record, appellees did not induce the erroneous action of the court in rendering judgment in their favor. They should not be penalized for such an error which they did not induce. The trial court set aside the finding by the jury. It had the right to do that, and this court has no authority to review that ruling. Judgment should not be here rendered against appellees upon a jury finding which the trial court was authorized to set aside and did set aside.

Reversed and remanded.