. Orgain, Carroll & Bell, M. L. Lefler, and E. B. Votaw, all of Beaumont, for appellant.

George E. Holland, of Henderson, and W. S. Nichols, of Beaumont, for appellees.

**CITY OF BEAUMONT v. MURPHY et ux.**

No. 3093.

Court of Civil Appeals of Texas, Beaumont.

May 17, 1937.

Rehearing Denied July 14, 1937.

COMBS, Justice.

This suit was instituted by J. J. Murphy and wife, Mrs. Louise Murphy, as plaintiffs, against the City of Beaumont, the Eastern Texas Electric Company, and M. G. Muse, receiver, as defendants, for damages for personal injuries suffered by Mrs. Murphy on the 18th day of September, 1935, by reason of a fall which it was alleged was occasioned by a defect in the pavement in the 1500 block of Park street in the City of Beaumont. The evidence shows that at the point in question Park street contains the street railway track; that the portion of the street covered by the track was paved with brick. On the occasion in question, while crossing the street a little after nightfall, Mrs. Murphy stepped on a loose brick which gave way and her foot went into a depression or hole in the street, causing her to fall, fracturing her leg. The testimony tends to show that the hole or depression in

question was 8 or 10 inches in width, 24 to 30 inches in length, and was from 3 to 5 inches deep; that portion away from the rail of the railway track being about 3 inches deep; and that the hole slanted downward to the depth of about 5 inches, which was about an inch or two below the bottom of the steel rail.

On trial to a jury the defendants, other than Eastern Texas Electric Company, were convicted of several acts of negligence proximately causing the plaintiff's injuries. Plaintiff's damages were fixed in the amount of $4,000 and upon the verdict of the jury judgment was duly entered. The Eastern Texas Electric Company was dismissed from the case and no appeal has been taken from that feature of the judgment.

█ The case will have to be reversed for the reason, among others, that the jury found that the injury was the result of an unavoidable accident. The issue in question, and the jury's answer thereto, was as follows:

"Do you find from a preponderance of the evidence that the injuries, if any, received by Mrs. Louise Murphy were not the result of an unavoidable accident? Answer 'yes' or 'no'."

"To which the jury answered: 'No.'"

It will be observed that the jury, in effect, found that the accident was unavoidable. Mays v. Smith (Tex.Civ.App.) 95 S.W.(2d) 1342. It may be that they were somewhat confused as to what they were finding by their answer "No," and on another trial we suggest that the jury be instructed to make their answer "It was an unavoidable accident" or "It was not an unavoidable accident," as they may find the fact to be.

██ The issue of unavoidable accident found against the plaintiffs by the jury was in direct conflict with their findings of negligence against the defendants proximately causing the injury. In that connection the appellees contend that the evidence did not raise the issue and, therefore, the court properly disregarded the jury's answer. We have carefully reviewed the testimony and conclude that the issue of unavoidable accident was raised. It would not be proper, in view of another trial, to discuss the testimony at any length. Suffice it to say that the jury would have been warranted in finding that the defect in the street in question was not known to the defendants and that they were justifiably ignorant of any hazard which it may have created. Under such facts, the jury were warranted in finding that the injury occurred as the result of an unavoidable accident.

We will here make the comment that the proof with respect to the negligence of the defendants was weak. The character of the alleged defect in the street was such that the plaintiffs may have difficulty in satisfactorily establishing the negligence of the defendants in the respects charged. We do not here pass upon the question of the sufficiency of the evidence to raise the issue, but send the case back without passing upon that question.

In view of another trial, we will notice briefly some additional assignments. The trial court submitted to the jury two issues with reference to the contributory negligence of the plaintiff in failing to keep a "proper lookout" and complaint is made of the failure of the trial court to define the term "proper lookout." The Courts of Civil Appeals are apparently in conflict as to whether the term is one which requires definition. See Lander v. Jordan (Tex.Civ. App.) 87 S.W.(2d) 1109, and cases cited. So far as we are aware, our Supreme Court has not passed on the question. However, we suggest that any question on the point can be obviated on another trial by framing the issues as suggested in the Lander Case, supra. We will here remark that we do not mean to imply that this court would hold that failure to define the term "proper lookout" would be reversible error. In fact, it is this writer's view that the matter of the definition of terms in courts' charges has been carried to the point of utter absurdity.

█ The charter of the City of Beaumont requires that notice of injury and claim be given within sixty days. It is necessary for a plaintiff to allege and prove the giving of such notice. See City of Beaumont v. Baker (Tex.Civ.App.) 95 S.W.(2d) 1365, and cases cited. In the case before us, the plaintiff merely introduced what purported to be the original of the notice given without offering testimony showing the proper filing of the notice in accordance with the charter. These essential facts should be pleaded and proved on the subsequent trial. A number of other assignments are urged, but we pretermit a discussion of them as they will likely not arise on the subsequent trial.

For the errors discussed, the judgment of the trial court is reversed and the cause remanded for a new trial.