JONES FINE BREAD CO. et al. v. COOK.
No. 2357.

Court of Civil Appeals of Texas. Waco.
Sept. 25, 1941.

Rehearing Denied Oct. 23, 1941.

Scott & Wilson, of Waco, for appellants.

O'Dowd & O'Dowd, of Waco, for appellee.

HALE, Justice.

Steve Cook sued Jones Fine Bread Company and John Manning for the recovery of damages on account of injuries resulting from a collision which occurred on November 22, 1939, within the corporate limits of the city of Waco at a point near the intersection of South 18th street with Circle Drive. South 18th street extends in a straight line for some distance north and south from the point of collision. Circle Drive approaches said street from the southwest at an angle of approximately 45 degrees and intersects with the same in a mild sweeping curve. It appears that plaintiff Cook was operating a mule drawn wagon in a southerly direction along South 18th street, intending to proceed through said intersection, while defendant Manning was operating a truck belonging to the Bread Company in a northerly direction, he having entered 18th street from Circle Drive, intending to proceed north, when the collision occurred.

The jury found that the injuries complained of were proximately caused by the negligence of defendant Manning in driving said truck at a speed in excess of twenty miles per hour, in failing to have said truck under control and in failing to pass to the right and to the left of plaintiff's wagon and team; that it was not dark at the time of the collision and that the failure on the part of plaintiff to have a light or lantern on his wagon was not negligence or a proximate cause of his injuries. Plaintiff duly presented his motion for judgment on the verdict, and thereupon the trial court rendered judgment in his favor against both defendants for the found damages in the sum of $500, and defendants have each appealed.

■ By appropriate assignments, appellants assert that the trial court erred in refusing to grant their motions for a peremptory instruction and for judgment in their favor non obstante veredicto, respectively, because they say the pleadings and undisputed evidence show conclusively that the collision occurred between 6 and 6:30 P.M., which was more than one-half hour after sunset, and since appellee was driving a wagon and team at night without any light thereon, in violation of Vernon's Ann.P.C. art. 827a, he was guilty of contributory negligence as a matter of law. Appellee admitted in his testimony that he had no light of any character on his wagon or team and that the collision happened "about 6 o'clock"; however, he also testified that it was not dark at the time of the collision, but that it was still light enough for him to plainly see up the street for a distance of two blocks. After carefully reviewing all the evidence, we have reached the conclusion that the same only raised fact issues for the jury as to whether the collision occurred one-half hour after sunset and, if so, as to whether the failure of appellee to have his wagon equipped with adequate lights or reflectors, in violation of the Penal Code, proximately contributed to cause the injuries complained of. We therefore overrule all assignments based on the refusal of the trial court to instruct a verdict and to render judgment for appellants notwithstanding the verdict.

Appellants next complain of the judgment rendered against them because they say the findings of the jury upon which the same is based are in irreconcilable conflict on material matters. The evidence showed that a third party, who was operating a motor vehicle in a southerly direction on South 18th street immediately prior to the collision, passed appellee to the west or on his right-hand side, and there was evidence tending to show that appellant, Manning, was blinded by the lights from this passing automobile. The trial court submitted to the jury, among others, the following special issues:

"Do you find from a preponderance of the evidence that the failure to have a light or lantern on his wagon on the part of plaintiff at the time of the collision in question, if you have so found, was not the sole cause of the collision in question?"

"Do you find from a preponderance of the evidence that the blinding lights of another automobile was not the sole cause of the collision in question?"

In connection with each of the foregoing issues, the court instructed the jury to answer "It was the sole cause" or "It was not the sole cause." However, the jury did not comply with the instructions of the court, but answered each of these issues "No", and the court received the verdict in that form without requiring the jury to answer the issues in accordance with his instructions.

■ Appellee's motion for judgment in his favor on the verdict of the jury constituted an affirmation on his part that the findings were supported by the evidence. Whitehead v. Reiger, Tex.Com.App., 6 S.W.2d 745; American Surety Co. v. Whitehead, Tex.Com.App., 45 S.W.2d 958; Sovereign Camp, W. O. W. v. Shuford, Tex.Civ.App., 93 S.W.2d 794. Since appellee filed no motion for judgment in his favor non obstante veredicto, the trial court could not properly ignore any material finding, but was required either to enter judgment in accordance with the verdict as a whole or to set the same aside. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970; Boyle v. Fisher, Tex.Civ.App., 103 S.W.2d 866. The question then is, whether or not the findings which the jury actually made are in irreconcilable conflict on material matters.

■■ While it is the duty of the trial court to reconcile any apparent conflicts in the findings of the jury when reasonably possible, this rule does not permit the court on his own motion to change the verdict or to correct what he may regard as errors on the part of the jury in reducing their findings to writing. It is contended by appellee that the jury intended by their verdict in the instant case to find that neither the failure of appellee to have a light or lantern on his wagon, nor the blinding lights of another car, was the sole cause of the collision in question. If such was their intention, then they made a mistake in reducing their findings to writing, which mistake, if any, could have been easily avoided by simply following the court's instructions as to how to answer the sole cause issues, or by the court refusing to accept the verdict as returned because the answers to the sole cause issues were not

in accordance with instructions, or because such answers were in conflict with other findings on proximate cause. There is no showing in the record as to what the jury intended to find other than the verdict which they actually returned. From this verdict it appears that the collision complained of was proximately caused by the negligence of appellant, Manning, and also that it was caused solely by conduct and occurrences over which neither appellant had any control whatsoever. These various findings on cause and effect could not all be true. There can be only one sole cause of an event, which sole cause, if any, necessarily excludes the existence of any other legal cause of such event. In this case, the two findings on sole cause were each mutually destructive of the other, and either or both nullified all the findings on the indispensable issue of proximate cause. We therefore hold that the findings of the jury on the issues of causation are in such conflict as to require a reversal of the judgment appealed from. Gulf C. & S. F. R. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795; Mays v. Smith, Tex. Civ.App., 95 S.W.2d 1342, error dismissed; City of Beaumont v. Murphy, Tex.Civ. App., 107 S.W.2d 468; Service Mutual Ins. Co. v. Moaning, Tex.Civ.App., 129 S.W.2d 341.

As the other errors assigned involve improper arguments which will not likely arise upon another trial, we will not discuss the same. Because of the conflicting findings of the jury, the judgment of the trial court is reversed and the cause is remanded for another trial.