## BARTON et ux. v. WOOD.
### No. 2405.

Court of Civil Appeals of Texas. Waco.
April 23, 1942.

Rehearing Denied May 21, 1942.

Mark Smith, of Waxahachie, and Lovett, Lovett & Ralston, of Corsicana, for appellants.

Lumpkins & Lumpkins, of Waxahachie, for appellee.

HALE, Justice.

P. E. Wood sued Walter Barton and wife to recover the balance due on a series of notes and to foreclose a vendor's lien and a deed of trust lien upon 72 acres of land in Ellis county securing the payment thereof. Defendants answered with a general denial and a plea of homestead, alleging that Mrs. Barton had inherited an interest in the land in controversy from her deceased father, Joab Hendricks, prior to the execution of the notes and deeds sued upon. By way of supplemental petition plaintiff affirmatively alleged that defendants were residing in Navarro county on lands which they were using and occupying as their homestead at the time they executed said notes, and that in order to induce plaintiff to advance the purchase money evidenced by said notes, they represented to

him that no part of the land which they were purchasing constituted their homestead.

Upon the conclusion of the testimony the case was submitted to a jury on four special issues. In response to Issues 1, 2 and 3 in the court's main charge they found that prior to the date of the division of the Hendricks estate defendants had a bona fide intention to use and occupy all of their interest in said land as a home, that they informed plaintiff of such intention prior to the execution of the instruments sued upon and that they thereafter used reasonable diligence in carrying out such intention. In response to Issue A requested by plaintiff the jury found that defendants were using and occupying as their home other lands than the 72 acres here in controversy at the time the notes and deed of trust sued upon were executed. The parties each filed and presented their respective motions for judgment on the verdict. The court rendered judgment in favor of plaintiff, with foreclosure of his asserted liens upon the entire 72 acres, and defendants have appealed.

Appellants contend that the findings of the jury on Issues 1, 2 and 3 established their plea of homestead and that the trial court erred in overruling their motion for judgment on the verdict. On the other hand, appellee insists that the answer of the jury to his requested Issue A was in effect a finding against appellants on the question of homestead and hence the court properly granted his motion for judgment on the verdict. The respective motions for judgment on the verdict constituted an affirmation on the part of each of the parties that the findings were supported by the evidence. Therefore, in the absence of any motion for judgment non obstante veredicto, the trial court could not ignore any material finding but was required either to enter judgment in accordance with the verdict as a whole or to set the same aside. Jones Fine Bread Co. v. Cook, Tex.Civ.App., 154 S.W.2d 889, and cases cited.

It appears that Joab Hendricks and wife, Worth C. Hendricks, owned the 72 acres of land involved in this suit. Sometime after the death of Joab Hendricks his surviving widow departed this life testate. Although her will was not offered in evidence, what purported to be Clause No. 2 of the same was introduced without objection, and it provided in substance that "the residue" of her estate should descend to and vest in her seven stepchildren, including Mrs. Barton, share and share alike. Thereafter, on June 30, 1923, the brothers and sisters of Mrs. Barton joined the executor of the will of Mrs. Hendricks in the execution of a deed of conveyance whereby the grantors conveyed to appellants the 72 acres in controversy. This deed recited that it was made in aid of the partition of the separate and community estates of Joab Hendricks and wife, Worth C. Hendricks, and in consideration of $8,640 cash paid by appellants to the executor; that $4,748.57 of the amount so paid was advanced to appellants by appellee, who was subrogated to the vendor's rights. The notes evidencing such indebtedness were fully described in said deed and their payment was secured by the vendor's lien therein specifically retained. On the same day appellants executed the notes described in the deed of conveyance and they also executed and delivered a deed of trust covering the 72 acres as additional security for the payment of said notes. Some of the notes were thereafter paid and the remainder, together with the liens securing the payment thereof, were duly renewed and extended.

There was evidence tending to show that approximately 192 acres of land passed to the seven devisees under the will of Worth C. Hendricks, with the result that the value of the undivided interest of Mrs. Barton in the entire tract was equal to something near the value of 27½ acres. Appellants each testified, in substance, that it was their intention at all times material to this suit to use and occupy their interest in said land as their homestead. There was evidence that they informed appellee of such intention prior to the time when the notes and title papers were executed. They did not own any other real estate. They lived on rented premises in Navarro county at the time when the transaction arose and continued to occupy rented premises until they moved upon the land in controversy in the year 1927.

We think it is readily apparent that it was the purpose and intention of the trial court to submit in charge to the jury for their determination the one ultimate de-

fensive issue in this case as to whether the inherited interest of Mrs. Barton constituted the homestead of appellants. The court must have regarded Issues 1, 2 and 3 in his main charge as embracing the necessary component elements of the ultimate issue from the standpoint of appellants, and he must have regarded Issue A as embracing the same ground of defense from the standpoint of appellee. We think the controlling issue thus attempted to be affirmatively submitted from the standpoint of each party was defective, incomplete and subject to objections which do not appear to have been urged. If Issue A alone had been submitted without proper objections or further request with respect thereto, then the trial court would have been authorized to find any unsubmitted element or elements in such way as to support the judgment rendered thereon. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. But the court, having apparently attempted to submit the same ultimate ground of defense from the standpoint of appellants, was not authorized to find any unsubmitted element of Issue A in such a way as to conflict with any of the findings of the jury on the component elements embraced in Issues 1, 2 and 3. In our opinion the findings which the jury actually made, when supplemented with the unsubmitted elements necessary to a determination of the ultimate controlling defensive issue in the case, present an irreconcilable conflict so as to prevent any judgment from being rendered on the verdict. Dr. Pepper Bottling Co. v. Rainboldt, Tex.Civ.App., 40 S.W.2d 827, point 9, error dismissed, and authorities cited; Seastrunk v. Walker, Tex.Civ.App., 156 S.W.2d 996, point 5, error refused, W.O.M.

While appellants failed to specifically assign error because of any conflict in the findings of the jury they do present such contention in their argument and we have concluded that the same must be sustained on the ground of fundamental error. Herron v. Hughes, Tex.Civ.App., 11 S.W.2d 567, 571, points 2 and 3, and authorities cited; Hughes v. Herron, Tex.Com.App., 34 S.W. 2d 802; Northern Texas Traction Co. v. White, Tex.Civ.App., 19 S.W.2d 416, point 1, error dismissed, and authorities cited.

Therefore the judgment of the trial court is reversed and the cause is remanded for another trial.