

# THE ATTORNEY GENERAL
## OF TEXAS

**GROVER SELLERS**
~~XXXXXXXXX~~PERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Overruled by V-105

Hon. A. C. Winborn
District Attorney
Harris County
Civil Courts Building
Houston 2, Texas

Dear Sir:                    Attention:  Mr. Robert R. Casey.

Opinion No. O-7159
Re:  Is it mandatory for citation by pub-
     lication to be returned to a term
     of court in tax suits in Harris
     County in citation by publication
     under Article 7345b?  And related
     questions.

You request the opinion of this Department upon the
questions contained in your letter, which we quote in part
below:

"The present statutes covering delinquent taxes,
as set forth in Chapter X, Title 122 of the Revised
Statutes of the State of Texas, are, to say the least,
very confusing.  It is difficult to determine under
which of the various provisions of these statutes suits
may be brought and property redeemed after tax sales.

"We desire to submit these various statutes to your
office for a ruling interpreting the same, and respect-
fully request that the various questions be answered.

"Article 7330 provides that the Sheriff shall make
a deed or deeds to the purchaser in all cases in which
lands have been sold or may be sold for default in the
payment of taxes.

"(1)  Question:  Does this statute limit the executions
to be levied under tax sales to be made by sheriffs only,
or may a constable levy an execution under a valid tax suit
and execute the deeds provided for therein?

" . . . . . .

"(2)  Question:  We desire an explanation and

interpretation of these several statutes, and request
that you advise us under which of these various pro-
visions we should proceed to permit redemptions to
be made.

".......

"(3)  Question:  In Harris County where we have
continuous terms of Court which run from January to July
and from July to January, is it mandatory that our cita-
tions by publication be returnable to the next term of
Court?

"(4)  Question:  Does the citation by publication
issued under the suit by the City under the provisions
of Subdivision d, Section III, Article 7345b make  it
necessary that these notices show the amount of the
taxes due the State and County?

"(5)  Question:  What is the effect of the failure of
the notice to so show the amount of the taxes due the
State and County under its intervention in the suit
filed by the City?

"(6)  Question:  What is the effect of the judgment
rendered by the Court in favor of the State and County's
claim for taxes where the property has been sold to a
private purchaser at the foreclosure tax sale?

"Article 7345b, Section X, as amended by the 47th
Legislature of 1941, states:  'The purchaser of property
sold for taxes in such foreclosure suit shall take title
free and clear of all liens for ad valorem taxes against
such property delinquent at the time of judgment in said
suit to any taxing unit which was a party to such suit
or which had been served citation in said suit, as required
by this Act.'

"(7)  Question:  Does this act mean that if the State
and County have failed to intervene in a pending tax suit
that in the event judgment for foreclosure is rendered in
such tax suit and the property sold at tax sale, the State
and County would lose its right to the tax liens heretofore
existing against said property?"

We answer your questions in the order presented.

(1)  Under Article 7330, V.R.C.S., the sheriff is the
only officer authorized to execute a deed, hence it follows that
he only may serve the execution in tax foreclosure sales.

(2)  Your second question raises the construction to be placed upon various statutes mentioned by you as to the rights of redemption by the tax debtor or others having an interest in the land foreclosed upon.  (Articles 7340 - 7345b, Section 9; Article 7345b, Section 12; and Articles 7283, 7284 and 7284b)

We think most of the confusion that arises upon this question may be dispelled by the simple statement that since the enactment of Art. 7345b, the provisions of this statute govern as to the method of redemption, with the possible exception of a suit where there is only one taxing unit and no other taxing unit has a claim for delinquent taxes.  This exception, however, if it exists need not require further attention here for we do not conceive it to be involved in your request.  The rule is thus stated in the case of City of El Paso v. Forti (S. Ct.) 181 S.W. (2d) 579:

"It is not necessary for us to decide in this case whether or not Article 7345b, Section 12, repealed and made wholly inoperative Article 7340 or any other article relating to redemption from tax foreclosures.  It might be held in cases where only one taxing unit is a party and no other taxing unit has a claim for delinquent taxes that such articles are still in effect, but that they do not operate in a case brought under 7345b, but we do not pass on that question.  Article 7345b prescribes a method of redemption in all cases brought under that article under which, if one taxing unit bids in the property, it takes same as trustee for the other taxing units in whose favor judgment ran in the foreclosure suit.  Until Article 7345b was enacted a suit like the instant one, in which all taxing units became parties, was unauthorized.  Prior to its enactment there were various statutes with reference to redemption.  For example, these articles may be cited: Articles 1065, 7284a and 7340, Vernon's Civ. St., each being applicable in the character of suit to which it related.  Their provisions varied widely.  It seems clear to us that when the Legislature enacted 7345b, whereby all taxing units could be joined in one unit and the property bid in by one such unit for the benefit of all, and prescribing the terms upon which same might be redeemed, it intended that those terms should govern in all cases of redemption in that character of suit regardless of who became the purchaser at the sale.  The confusion which would result from a contrary holding in a case like the instant one, is obvious.  To determine the amount to be paid to the various units, if possible to do so, when under the statutes above cited different terms were prescribed would bring into play some highly involved

computations. We cannot ascribe to the Legislature the intent to create confusion when its evident purpose was simplification and clarity."

It is, therefore, our conclusion that under all the conditions presented by you, redemption should be under the terms of Art. 7345b, regardless of whether a private individual becomes the purchaser or one of the taxing units for the benefit of all, and this regardless of whether the redemption is by the owner, his assigness, or anyone merely having an interest therein, or their heirs or assigns or legal representatives.

We come now to your third question, which frankly has given us no small concern, because of the provisions of Sec. 3, Subdivision d of Art. 7345b, requiring citation by publication to be returned to the first day of the next term of court in which the suit is filed.

The third paragraph of S.B. No. 271, Acts of the 46th Legislature, page 184, which created the 127th District Court of Harris County, provides:

"There shall be two terms of each of said six civil district courts in Harris County in each year, and the first term shall be known as the January-June term, shall begin on the first Monday in January, and shall continue until and including Sunday next before the first Monday in July; and the second term shall be known as the July-December term, shall begin on the first Monday in July and shall continue until and including Sunday next before the first Monday in the following January."

This is merely a restatement of the law with respect to terms of the civil district courts of Harris County, which has persisted since the enactment of what is commonly referred to as the Special Practice Act, first enacted in 1923, and applicable to Harris and some other densley populated counties in the same classification. Every district court, in order to conform to Art. 5, Sec. 7, of the Constitution, must have at least two terms of court each year. After providing for two terms of court as above stated, thus conforming to the Constitution, these terms of court had little further significance in the scheme of the Special Practice Act applicable to Harris County. The Special Practice Act was codified as Art. 2092, V.R.C.S., and was last amended by the 46th Legislature, H.B. No. 1074, General Laws of that session, page 205, with no significant changes insofar as the problem presently before us is concerned.

Article 2092 provides:

"The following rules of practice and procedure shall govern and be followed in the civil district courts. . . . in all civil litigation in counties having five or more district courts with either civil or criminal jurisdiction or both civil and criminal jurisdiction."

Harris County has five or more district courts with civil jurisdiction, hence operated under the provisions of Art. 2092. Certainly suits for delinquent taxes would come under "all civil litigation."

Section 6, Art. 2092, provided:

"Citation by Publication. If citation is to be served by publication it shall be returnable forty-two (42) days after the date of issue and shall command the defendant to appear at or before ten o'clock a.m. of the Monday next following the expiration of forty-two (42) days after the citation was issued, and shall specify the day of the week, the day of the month and the time of day the defendant is required to appear and answer, and shall be served by being published in the manner and for the length of time required by law for citations by publication in the same kind of cases or matters in other District Courts at the time the publication is made and the first publication shall be at least twenty-eight (28) days before the return day of the citation."

The rules of practice and procedure provided by Art. 2092, V.R.C.S., prevailed in Harris County and other counties in the same general classification until repealed with minor exceptions, not important here, by the rules of civil procedure, which became effective Sept. 1, 1941. Up to this date the foregoing quoted Section 6, Art. 2092, constituted the basis for service of citation in tax suits in Harris County by publication.

We therefore say that Art. 7345b, Subsec. d of Sec. 3, construed in connection with Sec. 6, Art. 2092, constituted a legal basis for citation by publication in tax suits under Art. 7345b, without requiring the return to be made to the first day of the next term of court, so long as Harris County operated under the Special Practice Act.

At this point we deem it helpful to consider the general scope of Art. 2092, the Special Practice Act, and we shall not be able to state it more comprehensively than was done by Judge Cody in the case of Walker Avenue Realty Co. v. Alaskan Fur Co., 123 S.W. (2d) 999, from which we quote:

". . . The court below is ruled in its practice

and procedure by the special practice act, Article 2092, R.S. 1925, Vernon's Ann. Civ. St. art. 2092.

"The care and skill with which Articles 2092 and 2093 -- component parts of the same enactment -- are drawn is what is to be desired, rather than expected, in this type of legislature. The purpose of the enactment was to adjust the practice and procedure in the civil district courts of certain of the populous counties to dispose of their continuous litigation, without interfering in any way with the practice and procedure of the other courts of the State. The validity of this special practice act, as a proper exercise by the Legislature of its power to classify subjects, was upheld by our Supreme Court in Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905. For the purpose of the practice and procedure established by Art. 2092, the civil district courts of Harris County (and of the other counties which are ruled by the statute) form a separate and distinct class of courts from the other courts of the State; and such courts are placed in a class separate and distinct from that to which other courts of record (of the first instance) belong, for the avowed purpose of making it possible for the rules of practice and procedure which are applied in them, and which are inconsistent with the rules that are applied to other courts, to co-exist with such other rules, and yet not be in conflict. It is perfectly clear that even though the rules of practice and procedure established by Art. 2092 are different from and inconsistent with the rules established to regulate the practice and procedure in other courts of the State, these two separate sets of rules do not conflict. And this, simply because such courts as the civil district courts of Harris County have been formed into a separate class, wherein, by reason of Art. 2093, 'All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this chapter (i.e. Chapter 6, Title 42), but shall not be affected by this law in so far as they relate to other district courts.* * *' ('All inconsistent laws and rules', etc., include future as well as existent inconsistent laws and rules.)"

In brief, what we now say consistent with Judge Cody's opinion from which we have just quoted is that Art. 2092 constituted a complete and harmonious system of procedure in Harris County and other counties of the same classification, the provisions of which constituted the procedure in such counties to the exclusion of any conflicting or inconsistent laws applicable

to other courts in general.  This applied to tax suits as well as other civil suits in general.  It matters not how conflicting or inconsistent such other statutes or parts thereof may be with Art. 2092, they were simply inoperative under Art. 2092; said article provided its own procedure applicable to Harris County in tax suits as well as other civil suits.

We now come to the crucial question in our problem, whether or not the rules of civil procedure, which repealed all of Art. 2092 except Sec. 18, Assignment Clerk, and Sec. 23, Judge Disqualified, require a different conclusion and construction in tax suits in Harris County than prevailed under Art. 2092, the Special Practice Act.  Rule No. 2 of the present rules of procedure in civil actions, promulgated by the Supreme Court of Texas, in part reads as follows:

"All statutes in effect immediately prior to Sept. 1, 1941, prescribing rules of procedure in tax suits, are hereby continued in effect as rules of procedure governing such cases, but where such statutes prescribe no rules of procedure in such cases, these rules apply."

We are constrained to the view that immediately prior to Sept. 1, 1941, the rule of procedure in tax suits in Harris County, in regard to citation by publication, was as firmly fixed by Sec. 6 of Art. 2092, when construed in connection with Subsection d of Sec. 3, Art. 7345b, as any other rules of procedure with respect to tax suits, and these statutes constituted an exclusive basis of procedure in tax suits where citation by publication was required, and by force of the above quoted portion of Rule 2 continued in effect as rules of procedure governing such cases in Harris County.  To hold otherwise would in our view be in effect to say that immediately prior to Sept. 1, 1941, Harris County did not have any rules of procedure in tax suits under Art. 2092, except as might be provided by general statutes outside the scope of said article, and this we think is not the case.  Subdivision 19 of the Special Practice Act as originally enacted provided "All inconsistent laws and rules of practice and procedure shall be inoperative in the Civil District Courts of the class included within this act."

Language similar to this has been employed in subsequent amendments to the act, the latest being Art. 2093 (Acts 1939, 46th Leg., page 205, Sec. 1) which reads as follows:

"All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this chapter, but shall not be affected by this law insofar as they relate to other district courts.  All laws and rules of practice and procedure

provided for other district courts shall continue in effect and operate and be observed in the civil district courts of the class covered by this law."

We feel justified in concluding that Sec. 6 of Art. 2092, construed in connection with Art. 7345b, Subsec. d, Sec. 3, and Rule 2 of the rules of civil procedure, constitute a sufficient basis for citation by publication under said article without requiring the citation to be returned to the first day of the next term of court. To hold otherwise we would be compelled to say that citation by publication, as provided in Subsec. d, Sec. 3, Art. 7345b, would require citation to be returned to the first day of the next term of court, that is, either to the first Monday in January or the first Monday in July, and would render the collection of delinquent taxes by suit, where service by publication was necessary, confusing, and would defeat the very purpose of the act, which is to expedite suits for delinquent taxes, as is made clear by Sec. 11 of Art. 7345b, which provides:

"Suits for delinquent taxes shall have precedence and priority in the district courts of this State, and in the appellate courts thereof."

We cannot see any cogent reason why we should not give the same effect to what we conceive to be the statutes governing citation by publication in tax suits under Art. 2092, applicable to Harris County and other densely populated counties in the same classification, that would be given to any other statute with respect to tax suits under the above quoted portion of Rule 2, which continued in effect the statutes governing tax suits in existence Sept. 1, 1941, at which time Sec. 6 was under the terms of Art. 2092 applicable to tax suits as well as other civil suits in general. It is not so much a question of repeal as it is that the rules continue all statutes in effect immediately prior to Sept. 1, 1941, prescribing rules of procedure in tax suits, and to this extent we think these statutes continue in effect as rules of procedure in tax suits in Harris County and other counties in the same classification.

The purpose of the present rules of civil procedure was to simplify and expedite litigation, and not to retard or prolong it. It is significent that the rules have definitely sought to get away from terms of court as the objective to which process should be returned, and we should not reach any conclusion contrary to this wholesome purpose of the rules unless compelled to do so. The Special Practice Act, Articles 2092 and 2093, V.R.C.S., and the present Rules of Civil Procedure are remedial in nature. They are, therefore, entitled to a liberal construction and application in order properly to effect-

uate the legislative intent to simplify and expedite court
procedure thereunder.  Indeed the Rules of Civil Procedure de-
clare that the rules are to be liberally construed.  See Rule
No. 1.  As applied to the problem here considered, we think
strict construction must yield to the evident spirit and purpose
of the statute and Rules of Civil Procedure when this is neces-
sary to give effect to the intent of the Legislature.  Absurb
and unjust results would follow to say that since the adoption
of the rules of civil procedure Harris County and other densely
populated counties in the same classification are relegated to
having process returned in tax suits, when citation by publi-
cation is necessary, to a term of court, a procedure abandoned
in such courts by virtue of the Special Practice Act in 1923.
Unjust and absurd consequences are, if possible, to be avoided.
No less an authority than the Supreme Court of the United
States has pronounced this rule.  Lau Ow Bew v. United States,
144 U.S. 47, 59, 12 S. Ct. 517, 36 L. Ed. 340; Hawaii v.
Mankichi, 190 U.S. 197, 213, 23 S. Ct. 787, 47 L. Ed. 1016.  The
courts of our State have likewise adhered to this rule.  Only
a few cases, all by the Supreme Court, need be noted; State
Highway Dept. v. Gorham, 162 S.W. (2d) 934; Cramer v. Sheppard,
166 S.W. (2d) 147; Kilday v. Germany, 163 S.W. (2d) 184.  We
think this was never the intention of the Legislature nor the
intention of the Supreme Court in promulgating the rules.  If
we should say that Art. 7342 is still in effect and should be
followed, we would still be faced with the question of the pro-
cess being returned to the next term of court, for a reading of
it we think clearly implies that the return is to be made to
the next term of court.

We therefore summarize our answer to your third ques-
tion as follows:  First, that citation by publication may be
had in Harris County in delinquent tax suits under Subsec. d of
Sec. 3, Art. 7345b, without return being made to the first Mon-
day of the next term of court, but should be as prescribed in
Sec. 6 of Art. 2092, which is the same as prescribed by Rule
114 of the rules of civil procedure, requiring  the defendant
to appear and answer it or before 10 o'clock A.M. of the Monday
next after the expiration of forty-two days after issuance.
Second, that if citation should be issued under the provisions
of Rule 114 of the rules of civil procedure, the same result
would be accomplished for the source of Rule 114 is Section 6
of the Special Practice Act.

We restate your question No. 4:

"Does the citation by publication issued under the
suit by the city under the provisions of Subdivision d.

We answer this question in the affirmative with the qualifications hereinafter stated.  Said section provides:

"Such notices shall show the amount of taxes alleged to be due each plaintiff and intervenor, exclusive of interest, penalties, and costs, and shall recite that all interest, penalties and costs allowed by law are included in the suit."

It is observed that this section of the statute is applicable only to plaintiffs and intervenors, which means  the plaintiffs and intervenors, which are parties to the suit at the time such citation issued.  If a taxing unit is made a party defendant by the city or any other taxing unit filing the suit, as it may be under the terms of the statute, it is not necessary that the citation show the amount of taxes alleged to be due such taxing unit made a defendant.  If, however, a taxing unit intervenes in a suit where the defendants are cited under Art. 7345b, after the citation provided by the statute has been given, and is not a party to the suit at the time the citation issued, either as plaintiff, intervenor or defendant, the court would not have jurisdiction to adjudicate the delinquent tax claim of such taxing unit without the issuance of service in its own behalf upon the defendant or defendants.

This is supported by the case of State v. Bagby's Estate, 126 S.W. (2d) 687, from which we quote:

". . . Section 3(c), Article 7345b requires a citation by publication to state 'the amount of the taxes due each party plaintiff and intervenor, exclusive of interest, penalties, and costs * * *.'  It is observed that this citation did not state the amount of taxes due each of the plaintiffs, but, on the contrary, stated the gross amount due plaintiffs jointly.  This did not meet the requirements of said Section 3(c) supra.  Section 13 of Article 7345b states: 'The provisions of this Act shall be cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled, but as to any proceeding brought under this Act, if any part or portion of this Act be in conflict with any part or portion of any law of the State, the terms and provisions of this Act shall govern as to such proceeding. * * *'  In 33 T.J. p. 851, supported by abundant authorities there cited, it is said:  'Since authority for citation by publication comes solely from the statutes, enactments authorizing that mode of service are strictly construed; in cases falling within the provisions of the statutes there must be a strict compliance with every essential requirement in respect of service.'
See Borden v. City of Houston, 26 Tex. Civ. App. 29,

62 S.W. 426, and authorities there discussed. The failure of this citation to state the amount of taxes due each plaintiff, under the foregoing authorities, warranted the action of the court in quashing same."

We restate your question No. 5:

"What is the effect of the failure of the notice to so show the amount of the taxes due the State and County under its intervention in the suit filed by the City?"

If we interpret this question, construed in connection with the explanatory part of your letter, to call for an answer as to the effect of the failure of the city to make the State and county parties to a suit where citation by publication is required, but after citation had issued the State and county in response to the notice of the pendency of the suit, intervenes and sets up its claim for taxes, stating in such intervention the amount of the taxes due, then it is our opinion that the court would not have jurisdiction to adjudicate the claim of such taxing unit without service upon its claim; but if such taxing unit has been made a party defendant, then and in that event the court would have jurisdiction to adjudicate the claim of such defendant, a taxing unit, without the amount of the taxes owing to such taxing unit being stated in the citation. As stated in our answer to question No. 4, the statute requiring the amount of taxes to be stated in the citation owing to each unit is applicable only to plaintiffs and intervenors at the time of the citation's issuance.

This, we think, is in accord with the holding in the case of State v. Bagby's Estate, supra, from which we quote as follows:

"The action of the trial court in refusing to render judgment in favor of intervenor, Clarksville Independent School District, against the unknown heirs of Ada Bagby, deceased, is sustained. This intervention was filed after service of citation had been had on the defendant. Intervenor did not cause citation to issue on its cause of action. Defendants made no appearance in this suit. The trial court did not have jurisdiction to enter judgment in favor of intervenor as to any defendants named." (Emphasis ours)

We are therefore of the opinion that the court would be without jurisdiction to adjudicate the tax liability in favor of the State and county, which intervened subsequent to the issuance of citation, unless another citation is issued

upon the cause of action of the State and county.  This would
not be true, however, if the State and county were made defend-
ants before the issuance of citation.

We restate your question No. 6:

"What is the effect of the judgment rendered by the
Court in favor of the State and County's claim for taxes
where the property has been sold to a private purchaser
at the foreclosure tax sale?"

If this question calls for an answer as to the effect
of a judgment rendered by the court in favor of the State and
county's claim for taxes upon an intervention in a case where
citation by publication is necessary upon defendant or defendants,
and the State and county were not plaintiffs, intervenors or
defendants at the time of the issuance of citation as prescribed
by the statute, then we are of the opinion that a judgment
rendered by the court upon the intervention of the State and
county would be void for lack of service in behalf of the State
and county upon the defendant or defendants.  If, however, the
State and county were made defendants by the city before issuance
of citation, and set up their claim by answer and intervention,
the court would have jurisdiction to adjudicate the claim of the
State and county, and this regardless of whether or not the
citation showed the amount of taxes owning to the State and
county.  In other words, subsection d of Sec. 3, Art. 7345b,
does not apply insofar as notice of the amount of taxes is con-
cerned owning to a taxing unit that is made a defendant, as
distinguished from a plaintiff and intervenor.  In the latter
instance judgment would be valid, and the State and county
would share proportionately with all other taxing units, parties
to the judgment, as prescribed by Art. 7345b.  A purchaser at
such foreclosure sale under the last stated conditions would
purchase free and clear of the State and county lien for taxes
under the judgment as prescribed in Sec. 10 of ARt. 7345b.
The same would be true in the first condition mentioned above
also; the only difference  being that the State and county would
share proportionately in the taxes collected under the judgment
in the last instance, but would not be entitled to collect in
the first instance, because based upon avoid judgment insofar
as the State and county is concerned.  In other words the private
purchaser takes title free and clear of State and county lien
for taxes in either instance, for the State and county are
parties to the suit, notwithstanding the judgment in their
behalf might be void.  They are nevertheless precluded by the
express terms of Sec. 10 of Art. 7345b from subsequently
asserting a lien against the purchaser at such foreclosure sale.

We restate your question No. 7:

"Does this act mean that if the State and County have failed to intervene in a pending tax suit that in the event judgment for foreclosure is rendered in such tax suit and the property sold at tax sale, the State and county would lose its right to the tax liens heretofore existing against said property?"

This we have heretofore answered by our opinion No. 0-7076, a copy of which is herewith enclosed. We call to your attention, however, that Section 10 of Art. 7345b is by its express terms limited to "any taxing unit which was a party to said suit or which had been served with citation in said suit."

We have attempted to clear up a troublesome and complex question, and we frankly state that our efforts have not been altogether satisfactory to us, but we think the views here expressed are in accord with the practice and procedure which has heretofore been substantially followed in Harris County, and which we would be very reluctant to upset unless compelled to do so by the plain and explicit provisions of the statutes and Rules of Civil Procedure. We believe our construction of the statutes and the present Rules of Civil Procedure, insofar as said Rules of Civil Procedure are applicable to tax suits, is reasonable and justified.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/L.P. Lollar
L. P. Lollar
Assistant

LPL:AMM:wc

Enclosure

APPROVED JUL 17, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

This opinion considered and approved in limited conference.