## GULF, C. & S. F. RY. CO. v. DARRAH et al. (No. 8526.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 17, 1917.)

APPEAL AND ERROR ⬤➞1004(3) — REVIEW — MATTERS OF FACT.

It being impossible to say as matter of law that subsequent misconduct of a passenger wrongfully ejected proved incapacity for a feeling of humiliation, the conclusions reached in a moderate verdict for mental suffering, approved by denial of new trial, will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3945, 3947.]

Error from District Court, Tarrant County; Ben. M. Terrell, Judge.

Action by H. W. Darrah and another against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Lee, Lomax & Smith, of Ft. Worth, for plaintiff in error. Mercer, Wall & Rouer, of Ft. Worth, for defendants in error.

CONNER, C. J. H. W. Darrah instituted this suit to recover damages for mental suffering on the part of his wife, Mrs. Agnes Darrah, who had been wrongfully ejected from one of the plaintiff in error's passenger trains at Alvin, Tex., when she was en route from Galveston to Ft. Worth. The trial before a jury resulted in a verdict and judgment in the plaintiff's favor for $100, and the railway company has duly prosecuted this writ of error.

The only questions presented are questions of fact. Plaintiff in error insists that the verdict is—

"contrary to the practically undisputed evidence and the overwhelming preponderance of the testimony, and is excessive, and shows on its face in the light of the testimony that the jury were moved by passion, prejudice, or sympathy."

It is undisputed in the evidence that Mrs. Darrah was possessed of a railway ticket which entitled her to ride from Galveston to Ft. Worth upon the train upon which she took passage; that some time after having

embarked at Galveston, and before her arrival at Alvin, some 25 miles, the conductor called for Mrs. Darrah's ticket, which he, after it had been exhibited to him by Mrs. Darrah, declared was not good upon his train, and upon arrival at Alvin, Mrs. Darrah was required, by an employé of the train, to get off. She testified that other passengers were present and "rubbered at her" when the conductor informed her that her ticket was not good; that it hurt her feelings, that she cried; that she knew no one at Alvin, and at a cost of 85 cents returned to Galveston, the same night, where she remained the following day, and pawned some of her jewelry to supply herself with needed funds.

The attack upon the testimony of Mrs. Darrah is based principally, if not altogether, upon contradictions between her testimony while testifying on the stand and in her depositions previously taken; and by testimony of other witnesses of misbehavior on the part of Mrs. Darrah while in Galveston, and which misconduct she denied. After a careful consideration of the testimony as a whole, we feel unable to sustain plaintiff in error's contentions of its insufficiency to sustain the verdict and judgment. A number of the contradictions in Mrs. Darrah's testimony related to matters more or less immaterial, and however conclusive it may be that her alleged misconduct was established, and that her denials thereof were false, it cannot be said, as a matter of law, that it was of that degree or character which wholly effaced the capacity for a feeling of humiliation, mental hurt, or distress at the time of her ejection from the train. As stated, the fact that her ejection was wrongful is undisputed. It is also undisputed that thereby she was required to delay her journey, and her testimony, to the effect that she was thereby placed under the necessity of pawning some of her jewelry, was not contradicted, and the jury returned a very moderate verdict, which the trial court was called upon to review by the motion for new trial. Under such circumstances an appellate tribunal would hesitate to disturb the conclusion finally reached by the jury, and later approved by the trial judge, who heard the witnesses testify and whose duty it was to consider all of the evidence, including the motives which may be said to have materially prompted Mrs. Darrah to deny her misconduct.

All assignments are accordingly overruled, and the judgment is affirmed.