MRS. ELSIE S. HINES ET AL V. J. F. PARKS ET AL.

No. 6736. Decided October 14, 1936.
Rehearing overruled November 19, 1936.
(96 S. W., 2d Series, 970.)

290

*D. L. Whitehurst* and *A. Leslie Jackson,* both of Dallas, for plaintiffs in error.

The motion by plaintiffs for judgment non obstante veredicto is in substantial compliance with the statute. Vogel v. Allen, 118 Texas, 196, 13 S. W. (2d) 340; Baker v. Coleman Abstract Co., 248 S. W., 412; Spence v. National Life & Acc. Ins. Co., 59 S. W. (2d) 212.

Since appellant did not raise any objection to the motion for judgment non obstante veredicto not being in conformity with statute, it is too late to raise such point on appeal. McCaskill v. Clay, 284 S. W., 643; Cornelison Motor Co. v. Morris, 30 S. W. (2d) 509.

*W. H. Reid* and *John A. Erhard,* of Dallas, for defendants in error.

The Court of Civil Appeals correctly held that this cause should be reversed and remanded for the reason that the trial court committed a material error in rendering judgment for plaintiffs contrary to an express special finding of the jury, since the cause had been submitted on special issues and the jury had found adversely to plaintiffs the court was without authority to disregard such finding where no motion to enter judgment non obstante veredicto or to disregard the special finding had been filed. Freeman v. Schwenker, 73 S. W. (2d) 609; Beckner v. Barrett, 81 S. W. (2d) 719; Jordon v. City of Lubbock, 88 S. W. (2d) 560.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

A judgment of the district court in favor of plaintiff in error, Mrs. Elsie Scott Hines, and against defendant in error, J. F. Parks, was reversed and remanded by the Court of Civil Appeals. Mrs. Hines, who will be referred to as plaintiff, in her petition for writ of error presents only the contention that the judgment of the trial court should have been affirmed, and not reversed and remanded. She contends that the Court of Civil Appeals has held that she would have been entitled to an affirmance, notwithstanding the obvious conflict in the jury's findings, provided she had filed motion for judgment notwithstanding the verdict, as provided by Article 2211, Re-

vised Statutes, 1925, as amended by Chapter 77, Acts of 42nd Legislature, page 119. Judge Walthall, in dissenting opinion, stated that he thought the judgment should have been affirmed, on the theory that the motion filed by the plaintiff was sufficient to meet the requirements of the statute. 68 S. W. (2d) 364. A full statement of the pleadings and the findings of the jury will be found in the opinions of the Court of Civil Appeals.

■ Defendant in error Parks has filed cross assignments of error, but this is not sufficient. If he was dissatisfied with the action of the Court of Civil Appeals in reversing and remanding the case he should have raised his objections in petition for writ of error.

Special Issue No. 9, in answer to which the jury found that the consideration for the contract sued upon had failed, was unquestionably raised by the pleadings. There is an obvious conflict between this finding and other findings supporting the plaintiff's case. Notwithstanding this conflict, the trial court disregarded the finding of the jury to Special Issue No. 9 and entered judgment in favor of plaintiff. The question then is whether or not there was a sufficient compliance with Article 2211, as amended, to justify the court in setting aside this finding and entering judgment notwithstanding same.

The article as amended reads as follows:

"The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence."

After the verdict of the jury in this case had been received and filed plaintiff filed the following motion:

"Comes now Mrs. Elsie Scott Hines, feme sole, Plaintiff in the above styled and numbered cause, and moves and prays the Court to render and cause to be entered judgment in favor of the Plaintiff of terms and form or substance of that shown in Exhibit 'A' attached hereto and made a part hereof.

"Alternately and in event the Court deems that judgment of the terms, form or substance of that described in said Exhibit 'A' is improper, Plaintiff prays and moves the Court to

render and enter judgment in the cause in terms and form or substance of that shown in Exhibit 'B' attached hereto and made a part hereof."

The judgment which was approved by the court and entered was Exhibit "A". It contained the usual recitals concerning the appearance of the parties, announcement of ready, rulings of the court upon demurrers, the trial of the case, the submission of same to the jury, and the return of a verdict by the jury. It then set out verbatim all of the special issues submitted to the jury, including No. 9, and the answers of the jury to each, and then concluded with decree in favor of plaintiff for $2306.00 (the amount of damages found by the jury), with interest. There is nothing contained in the judgment showing a disregard of any issue because not supported by the evidence, but the judgment is one upon all of the issues as submitted and answered.

■ We are of the opinion that there was not a compliance with Article 2211, and the court was without authority to enter any judgment other than to declare a mistrial, or in conformity with the answer to Special Issue in favor of defendant.

Prior to the amendment of Article 2211, which amendment became effective August 22, 1931, it was definitely settled that by virtue of Article 2209 of the Revised Statutes of 1925, a trial court was without authority to set aside a jury's finding to an issue raised by the pleadings, even though such finding was against the undisputed proof or was without evidence to support it. The rule in such a case was clearly stated in Massie v. Hutcheson, 270 S. W., 544, in an opinion approved by the Supreme Court, in this language:

"Article 1990, V. S. Tex. Civil Statutes, in its plain language, and as interpreted by the courts of this state, gives an unequivocal answer to this query. That article provides:

" 'In all cases where a special verdict of the jury is rendered * * * the court shall, unless the same be set aside and a new trial granted, render judgment thereon.'

"In the case of Waller v. Liles, 96 Texas, 21, 70 S. W., 17, tried upon special issues, the court say:

" 'It is deducible from the ruling in that case (Ablowich v. Bank, 95 Texas, 429), that the findings of the jury upon the issues made by the pleadings in a case, although against the undisputed evidence or without evidence to support them, cannot be disregarded, but must constitute the only basis upon which any proper judgment can be rendered.'

"See, also, Henne & Meyer v. Moultrie, 97 Texas, 216, 77 S. W., 607; Fant v. Sullivan (Tex. Civ. App.), 152 S. W., 515; Swearingen v. Swearingen (Tex. Civ. App.), 193 S. W., 445; Thompkins v. Hooker (Tex. Civ. App.), 229 S. W., 351.

"We think the authorities unquestionably establish the proposition that if the trial court submits an issue to the jury which under the pleadings is a material one to the decision of the case, and the jury is permitted to answer that issue, which answer is received by the court, then, under the statute, the trial court is without discretion except to set aside the finding and grant a new trial, or to render judgment upon and in conformity to the finding, even though the court should conclude that all of the testimony on which the answer to such issue is based was improperly admitted, and there is no evidence to uphold the finding."

■ The amendment of 1931 was intended to obviate the apparent harshness of this rule, and to permit the disregarding of a special issue finding which had no support in the evidence. It is obvious, however, that even now in a case where there is a finding of a jury to a special issue which is raised by the pleading, the only authority which the court has to disregard such finding is that given by the statute; and, of course, as the right is conferred by the statute, it can be exercised only in the manner and under the circumstances prescribed by the statute.

This article plainly provides that a trial court cannot enter a judgment non obstante veredicto, and cannot disregard any special issue jury finding except "upon motion and reasonable notice." We are therefore called upon to decide what was meant by "motion and reasonable notice."

■ It is almost superfluous to say that the motion intended was to be in writing, so that it might be preserved with the record, and its contents be carried forward in a transcript. The exercise of the power to disregard a special issue finding, being derived from the statute alone, is in the nature of a new action. It is obvious, therefore, that the motion intended must be sufficient to invoke the jurisdiction of the court for the exercise of this new power. In the case of Amarillo Transfer & Storage Co. v. De Shong, 82 S. W. (2d) 381, the Court of Civil Appeals held that such a motion should "apprise the court and opposing party of the grounds therefor, and must sufficiently disclose its nature." We amplify this general statement by saying that such a motion, regardless of its form, would be sufficient if it

designated the finding or findings which the court is called upon to disregard, the reason why same should be disregarded, and contained a request that judgment be entered upon the remaining findings after the specified findings had been set aside or disregarded.

■ A motion for a judgment non obstante veredicto is an entirely different thing. In Brown v. Rentfro, 57 Texas, 327, it was said:

"The practice of rendering judgment non obstante veredicto is not to be encouraged by the court, or to be extended to cases not heretofore embraced within the rule. The class of cases in which that rule has heretofore been applied, is where the defendant has admitted or confessed the plaintiff's action, and has set up some matter by way of avoidance that in law constitutes no defense, and upon which the jury has found for the defendant. In such case the plaintiff's cause stands confessed, and therefore requires no evidence to establish it. Then the court determines as a matter of law that the matter set up in defense constitutes no obstacle to a recovery by the plaintiff upon the admitted cause of action, and renders judgment for the plaintiff notwithstanding the verdict.

"It will be observed that in the application of that rule the court does not invade the province of the jury, in that there is no weighing of testimony or passing upon the credibility of witnesses."

■ In light of this statement it would be a simple matter to frame a proper motion. In addition, however, the statute declares that there must be "reasonable notice." It seems to be well settled that when by statute notice is required to be given in a legal proceeding, such notice must be in writing. 46 Corpus Juris, page 555; Miller v. Prough, 203 Mo. App., 413, 221 S. W., 159, and other authorities cited. Manifestly, the form of the notice and the manner of its service should be such as to preclude any question of fact of timely notice. Sanders Nursery Co. v. Engelmann, 128 Texas, 102, 96 S. W. (2d) 68. This suggests, therefore, that there should be service of the notice, and this is provided for in Article 2291, Revised Statutes of 1925 in this language:

"Service of notice on a party may be made, when necessary, either by the proper sheriff or constable or by any person competent to testify, and may be served in like manner as an original writ, either on the party or his attorney of record. The return of such notice when made by such officer or per-

son, verified by his affidavit, shall be prima facie evidence of the fact of service."

The notices referred to in the foregoing statement are notices "in the commencement or progress of any suit," as distinguished from process giving notice of the institution of the suit. The quoted portion of Article 2291 is in substance the same as Article 2119 of the Revised Statutes of 1911, which expressly identifies the motions which are to be served in the manner indicated. See Bray v. City of Corsicana, 280 S. W., 609.

■ We deem it proper to say that in all cases where the trial court has disregarded a finding of the jury, the judgment should recite the filing of proper motion, that reasonable notice thereof was given, that a hearing was had, and that the parties appeared in person or by attorneys; and it should declare the action of the court on the motion, as well as the entry of judgment after disposition of the motion. In such case the usual presumptions which accompany a regular judgment would be available.

As the motion filed by plaintiff in this case did not meet the requirements of the statute, and as there is nothing in the record to show that reasonable notice was given, we conclude that the court was not authorized to disregard the finding of the jury to Special Issue No. 9; and therefore the judgment of the Court of Civil Appeals reversing and remanding the case is affirmed.

Opinion adopted by the Supreme Court October 14, 1936.

Rehearing overruled November 19, 1936.