## EMPLOYERS MUT. LIABILITY INS. CO. v. NORMAN.

### No. 2577.

Court of Civil Appeals of Texas. Eastland.

March 28, 1947.

Rehearing Denied April 18, 1947.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

LONG, Justice.

This is a workmen's compensation suit. T. C. Norman, the appellee, instituted this suit against Employers Mutual Liability Insurance Company of Wisconsin, appellant, to recover compensation for injuries alleged to have been sustained by him on July 13, 1944, while working as an employee of Burr Lambert. Appellant contended in the trial court and contends here that the evidence showed as a matter of law that appellee was not an employee of Burr Lambert, but on the contrary was an employee of the Burr Lambert Drilling Company, a partnership. The jury, in response to special issues, found that Norman was an employee of Burr Lambert and was not an ployee of Burr Lambert Drilling Company; that he sustained accidental injury on the day in question resulting in total disability which would be permanent; and that he

would suffer hardship and injustice if his compensation were not paid in a lump sum. Based upon the findings of the jury, the court rendered judgment in favor of appellee against appellant for $6,813.55, from which judgment the insurance company has appealed.

The question for our determination is, does the evidence conclusively show as a matter of law that Norman was not an employee of Burr Lambert, but on the contrary, was an employee of the Burr Lambert Drilling Company, a partnership composed of Burr Lambert and S. G. Walker? Stated another way, is the evidence sufficient to sustain the finding of the jury that Norman was an employee of Burr Lambert individually? We have given the evidence our careful consideration, and we have come to the conclusion that it is not conclusively shown that plaintiff was not an employee of Burr Lambert, and that he was an employee of the Burr Lambert Drilling Company. We believe the evidence, when viewed in the most favorable light for the plaintiff, is sufficient to sustain the jury's finding that Norman was an employee of Burr Lambert individually.

Burr Lambert entered into a written contract with the Phillips Petroleum Company to drill a well in Winkler County, Texas. Under the terms of the contract he agreed, among other things, to furnish the labor necessary for the drilling of said well and to carry adequate compensation insurance thereon. Appellee Norman testified that he was employed to work by Judd Harrison, a driller on the well. He went to work as a "roughneck" on such well in the month of June and worked until July 13, when he was injured. He was paid twice a month by check, to which a stub was attached. Two of these stubs were introduced in evidence, and from an examination thereof it appears that the checks were issued by and payable out of the funds of Burr Lambert. In fact, from the record it is conclusively shown that Norman was paid by Burr Lambert individually. Further, the record shows that another laborer on the well was also paid by Burr Lambert individually. The insurance company offered in evidence the deposition of the bookkeeper and auditor of Burr Lambert and the Burr Lambert

Drilling Company. He testified that the contract for the drilling of the well in Winkler County, although signed by Burr Lambert individually, was assigned to the Burr Lambert Drilling Company, and that such well was being drilled, not by Burr Lambert individually, but by the Burr Lambert Drilling Company. However, there was no written assignment of such contract, but same rested wholly in parol. The witness further testified that Burr Lambert paid the employee Norman individually, but that he was reimbursed therefor by his partner, S. G. Walker. He further testified that T. C. Norman's name never appeared on any payroll or any record of Burr Lambert individually; that T. C. Norman's name did appear on the following records of the partnership; the payroll records, payroll detail records to Texas Unemployment Compensation Commission, employer's report of taxable wages to the Treasury Department of the United States. It is further shown that the appellee, Norman, in his veteran's claim for initial readjustment gave the name of his employer as Burr Lambert Drilling Company. However, the appellee explained this discrepancy in that he testified that the woman in charge of the office made out this instrument for him, and that she inquired of him for whom he was working, and he told her that he was working for Burr Lambert, and that she asked him what Burr Lambert did, and that he told her he was a drilling contractor. The evidence further showed that the Burr Lambert Drilling Company had a policy of workmen's compensation insurance with Hartford Accident and Indemnity Company, and that Burr Lambert individually had a policy with appellant, Employers Mutual Liability Insurance Company of Wisconsin. The evidence further disclosed that the policy of insurance issued by the appellant showed that such policy covered the employees of Burr Lambert at Fort Worth and elsewhere in the State of Texas.

The only evidence offered by the appellant to show that Norman was the employee of Burr Lambert Drilling Company was by the bookkeeper and auditor. His testimony covered the way and manner in which the payroll and the records in the office of

Burr Lambert and the Burr Lambert Drilling Company, located in the State of Wisconsin, were handled. Burr Lambert did not testify, and there is no showing in the record as to whether he was or was not available as a witness. We have concluded that the evidence is sufficient from which the jury could find that Norman was the employee of Burr Lambert individually. Burr Lambert signed the contract with the Phillips Petroleum Company for the drilling of the well. He paid Norman and the other employees their wages for working on the well. Burr Lambert perhaps knew better than any one else whether Norman was his employee. Appellant did not see fit to produce him as a witness and made no explanation as to why such evidence was not produced. There was no written assignment of the contract for the drilling of the well from Burr Lambert to the Burr Lambert Drilling Company. The defendant's evidence shows a secret agreement between Burr Lambert and the drilling company as to the way and manner in which their business was operated. It is not shown that Norman, the appellee, had any knowledge of any of these agreements. He was not bound in any way by such agreements. Texas Employers' Ins. Ass'n v. Jones, Tex. Civ.App., 70 S.W.2d 1014; Traders & General Ins. Co. v. Jaques et al., Tex.Civ. App., 131 S.W.2d 133. We are of the opinion that the evidence does not show conclusively, as a matter of law, that Norman was an employee of the Burr Lambert Drilling Company. Powers v. Standard Acc. Ins. Co., Tex.Civ.App., 191 S.W.2d 7.

■ Appellant complains of the action of the court in sustaining appellee's objection to a portion of the deposition of the witness Broman wherein the witness was asked if the Hartford Accident and Indemnity Company of Hartford, Connecticut, was paid premiums for compensation on the employee Norman. The witness was asked the following question: "Q. I'll ask you whether or not the Hartford Accident and Indemnity Company of Hartford, Connecticut, was paid premiums for compensation on the named employee, T. C. Norman? A. Yes, sir." To this testimony counsel for appellee objected. The court sustained such objection. However, the objection was not made until after the question and answer were read to the jury. There was no motion by counsel to strike the testimony. The evidence remained in the record for the consideration of the jury; therefore, no error is shown.

■■ By another point appellant complains of the following argument of counsel:

"May it please the Court, Gentlemen of the Jury, we have finally gotten around to the point where we are going to submit the case to you. Gentlemen of the Jury, you have been very patient and you have waited on us a long time; now, we are going to wait on you for a while. These questions that are submitted to you are such that they have to be just right and that has been a part of the reason for the delay. The other was on account of having to wait on the doctor that came over here from Abilene.

"In passing on this case, your verdict constitutes what are the facts. Any disposition you make or any decision you render of the facts are final. I can't disturb it, counsel can't disturb it and the Court can't disturb it. There are two issues in this case, Special Issue No. 1 and Special Issue No. 2, that are controlling * * *."

Appellant's objection to such argument was by the court sustained, and its request to withdraw that part of the argument from the consideration of the jury was granted, and the court so instructed the jury. Appellant contends that the argument was improper in that it told the jury the legal effect of their answers to Special Issues No. 1 and 2. We see no merit in this point.

The jury, having heard the evidence, knew that Issues 1 and 2 were the main and controlling issues in the case. Appellee was contending that he was an employee of Burr Lambert individually, and it was the appellant's contention that he was an employee of Burr Lambert Drilling Company, a partnership. The jury was fully advised of the facts and the contentions of each of the parties. Consequently, counsel did not advise the members of the jury of anything that they did not already know. Finck Cigar Co. v. Campbell, 134 Tex. 250, 133

S.W.2d 759; Galveston, H. & S. A. Ry. Co. v. Miller, Tex.Civ.App., 192 S.W. 593. Further, the argument by counsel is incomplete, and just what counsel had in mind saying to the jury is not known. Further, if there had been any error in the argument, the same was cured by the instruction of the court not to consider it.

We have given this record our careful consideration, and we find no reversible error. The judgment of the trial court is in all things affirmed.