**PANOS v. JACKSON.**
No. 12434.

Court of Civil Appeals of Texas. Galveston.
Dec. 18, 1952.

Rehearing Denied Jan. 8, 1953.

---

Allie L. Peyton, Allen, Smith, Neal & Lehmann, Geo. D. Neal, Houston, for appellant.

Young & Young, Bates, Cartwright & Kolius, S. G. Kolius, Reagan Cartwright, Houston, for appellee.

GRAVES, Justice.

This was an action for quantum meruit, brought by John L. Jackson, appellee, against Steve Panos, appellant, for the reasonable value of additional work and duties, alleged to have been performed by appellee for appellant, in connection with appellant's business and properties, while appellant was absent from the City of Houston for a period of approximately eight months.

The case was tried before a jury, and, based upon the answers of the jury to Special Issues, the trial court entered judgment for appellee, in the sum of $14,000, from

which judgment appellant makes this appeal.

In material substance, the special issues submitted by the court and the jury's answers thereto were these:

### No. 1.

Do you find from a preponderance of the evidence that between early in May, 1948, and the 10th of January, 1949, John L. Jackson, rendered services to Steve Panos, in addition to the services performed by him in the course of his regular employment? Answer: "Yes"

### No. 2.

Do you find from a preponderance of the evidence that Steve Panos had knowledge that said additional services, if any, were being rendered to him by John L. Jackson? Answer: "Yes"

### No. 3.

Do you find from a preponderance of the evidence that Steve Panos accepted such additional services rendered by John L. Jackson, if any, for the use and benefit of the said Steve Panos? Answer: "Yes"

### No. 4.

Do you find from a preponderance of the evidence that such additional services, if any, rendered by John L. Jackson were rendered by him with the expectation that he would be compensated therefor? Answer: "Yes"

### No. 5.

What sum of money do you find from a preponderance of the evidence to be the reasonable value of said additional services, if any, rendered by John L. Jackson, to Steve Panos? Answer: "$14,000.00"

On appeal, appellant's points of error are these:

### "One.

"The Appellee in the trial court offered no evidence as to the reasonable value of the services alleged to have been performed, and furnished to and for appellant.

### "Two.

"There is a fatal variance between the allegation of plaintiff's petition and his proof, in that, in his petition the plaintiff alleged the cause of action on quantum meruit, whereas, by his own testimony, appellee claimed an express contract with the appellant.

### "Three.

"The verdict of the jury is so excessive that it clearly demonstrates the jury was influenced by passion and prejudice.

### "Four.

"The jury was guilty of misconduct, in that, in answering Special Issue No. 5, they discussed matters not brought out in the evidence during trial."

None of the quoted presentments, it is determined, should be sustained.

This Court perceives no sustainable ground for the contention, under appellant's Point No. 2, that there was a variance within the meaning of our procedure and practice between the appellee's declaration of a cause of action sounding in quantum meruit for the services he claims to have rendered appellant, and the testimony he produced in proof thereof.

In the first place, the terms, "additional work and duties alleged to have been performed by appellee for appellant," as so correctly translated for the jury's benefit by the Court in the quoted issues it submitted to them, in the undisputed state of the whole record of the cause, meant "in addition to the services performed by him in the course of his regular employment" as a clerk operating for the appellant the latter's property in the City of Houston, known as the "Palace Boot Shop", at a fixed salary of $85 per week;

Whereas, the appellee declared upon additional services and compensation therefor, agreed upon between himself and the appellant in April of 1948, shortly prior to the time appellant was required to leave the City of Houston for a period of some eight months' time, with the understanding between them that compensation would in some manner be paid to him by appellant, after the latter's return from such extended absence from the City.

In support of that declaration, he further testified that, in pursuance of that agreed upon arrangement, he did so assume full control and management of all of appel-

lant's properties and business, shortly after the 26th of April of 1948, and that, upon appellant's return to the City in January of 1949, he returned them to the latter's control, requesting of him their agreed upon additional compensation for such service, which the appellant refused.

It seems plain that such an arrangement was permissible, under our blended system, and that the service so claimed to have been rendered by the appellee was recoverable under our authorities.

In other words, it is plain from his brief as a whole that what appellant is complaining of is that the appellee did not call in the testimony of experts to give the value, in dollars and cents, in their opinion, of the extended additional services so rendered by the appellee to him, over and above the $85 salary he was so first receiving as the manager of appellant's "Palace Boot Shop", which original $85 per week had been continuously paid during appellant's eight months' absence.

■ It is this Court's conclusion that our authorities do not support such contention that these additional services were of such an extraordinary and professional character that the jury could not, from the evidence and its own knowledge, form an intelligent judgment of their value. Some of such holdings are these: C. W. Hahl & Co. v. Southland Immigration Ass'n, 53 Tex.Civ.App. 592, 116 S.W. 831, writ refused; Martin v. De La Garza, Tex.Civ. App., 38 S.W.2d 157, writ dismissed; Brady v. Richey & Casey, Tex.Civ.App., 202 S.W. 170, writ dismissed; Bond v. Hancock, Tex. Civ.App., 163 S.W. 660; Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S. W.2d 332, opinion adopted by the Supreme Court; Lawson's Expert & Opinion Evidence (Second Edition) 496, under Rule 61.

■ Appellant's Points 3 and 4, relating to the jury's conduct in allegedly having discussed matters not brought out in the evidence before it, and in having returned an excessive verdict as the result of passion and prejudice upon its part, are both overruled, without extended discussion. The record appears to disclose that appellant neither objected during the trial to the elicitation of these matters, either within or without the hearing of the jury, nor did he request the trial court to instruct either the counsel or the witnesses for the appellee to refrain from referring to, or testifying about, such matters.

In such circumstances, the courts hold that the litigant waives any right he may have had to complain on appeal, either that such testimony was admitted, or that it had the deleterious effect he complains on appeal it did have. Barrera v. Duval County Ranch Co., Tex.Civ.App., 135 S.W.2d 518, writ refused; Cotterly v. Muirhead, Tex. Civ.App., 244 S.W.2d 920, writ refused, n. r. e.; Alpine Telephone Corp. v. McCall, Tex.Civ.App., 195 S.W.2d 585, ref. n. r. e.; Employers Mutual Liability Ins. Co. v. Norman, Tex.Civ.App., 201 S.W.2d 620, ref. n. r. e.; 3-B Tex.Jur., Appeal and Error, p. 294, Section 877, citing the case of Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W.2d 1031, writ dismissed.

■ Finally, it is held that, in view of the voluminous testimony, appearing in a 400-page statement of facts, in this controversy, and detailing and describing all phases of the services so claimed to have been rendered by appellee, under his pleadings for additional compensation over that of $85 per week, as provided in the written contract between them, appellant has not met the burden the law placed upon him to show insufficient evidence to support the $14,000 verdict the jury rendered. City of Dallas v. Hutchins, Tex.Civ.App., 226 S.W. 2d 155, ref. n. r. e.

■ Moreover, since it was the jury's province and not that of the court to fix the amount of the verdict, and since the trial court did not see fit to either disallow or reduce the amount, there results no duty upon this Court to disturb it. 13 Tex.Jur., pages 261–263, Section 148, and cases cited in the footnotes.

Rather, it is this Court's view—there being nothing properly sought to the contrary —that the jury's common knowledge and experience, together with its sense of jus-

tice, were—presumptively, at least—sufficient to enable it to make a fair estimate of the value of the appellee's services so rendered as on quantum meruit to the appellant.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

CODY, J., not sitting.