Donald T. WILTON, Appellant,

v.

Roy L. JOHNSON and Joseph H. Kelly, Appellees.

No. 6441.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 29, 1954.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo (Jerome W. Johnson, Amarillo, of counsel), for appellant.

Culton, Morgan, Britain & White, Amarillo (Richard L. Cazzell, Amarillo, of counsel), and Carl G. Edwards, Amarillo, for appellees.

MARTIN, Justice.

Appellant, Donald T. Wilton, defendant in the trial court, appealed from a judgment of $262.10 as rendered in favor of appellee, Roy L. Johnson, plaintiff in the trial court. Defendant was denied indemnity or contribution as against Joseph H. Kelly as a third party defendant. The sole issue on appeal is whether there is an irreconcilable conflict in the jury verdict. If there is an irreconcilable conflict in the verdict, it cannot support the judgment.

■ At the request of the defendant, the following issue was submitted to the jury:

"(a) Do you find and believe by the preponderance of the evidence that the collision was not the result of an unavoidable accident? Answer: It was the result of an unavoidable accident or it was not the result of an unavoidable accident."

In response to this issue, the jury did not follow the instruction of the court but answered the issue "No". Such answer constitutes a finding that the collision was the result of an unavoidable accident and is favorable to the defendant. Mays v. Smith, Tex. Civ.App., 95 S.W.2d 1342, Syl. 2; Gulf, C. & S. F. R. Co. v. Giun, Tex.Com.App., 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795; Jones Fine Bread Co. v. Cook, Tex.Civ. App., 154 S.W.2d 889. The jury likewise found the defendant guilty of certain negligent acts and omissions which proximately caused the collision. Such verdict was accepted and the jury discharged.

■ Appellees made no motion requesting the trial court to render judgment non obstante veredicto or to disregard the jury finding of unavoidable accident. In the absence of motion and reasonable notice as required by Rule 301, Texas Rules of Civil Procedure, the trial court could not disregard the jury finding of unavoidable accident or render judgment non obstante veredicto. Hines v. Parks, Tex.Com.App., 128 Tex. 289, 96 S.W.2d 970; Jinks v. Whitaker, Tex.Civ.App., 195 S.W.2d 814, Syl. 1–6; Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 110 S.W.2d 108, 109, Syl. 3–4.

The trial court entered judgment for plaintiff on the jury verdict. Appellant's First Point of error, and only point, is directed at the jury verdict and states—"The jury's answer favorable to the defendant on the issue of unavoidable accident either entitled him to judgment or presents a conflict which is fatal to the verdict and thus requires reversal of the trial court's judgment."

■ No statement of facts has been brought up on appeal but a determination of the issue presented by this record is not dependent upon the facts established in the trial of the case. The jury finding that the collision was the result of an unavoidable accident is, in effect, a finding that the collision was not due to the negligence of anyone

490

and is in direct conflict with the jury finding that the collision was the result of defendant's negligence. Such findings will not support the judgment of the trial court. Trial, 41 Tex.Jur., Section 362, Page 1228; Bransford v. Pageway Coaches, Inc., Tex. Com.App., 129 Tex. 327, 104 S.W.2d 471, Syl. 2; Ford Rent Co., Inc., v. Hughes, Tex.Civ.App., 90 S.W.2d 290, Syl. 3; Christopherson v. Whittlesey, Tex.Civ.App., 197 S.W.2d 384. Mays v. Smith, supra, Syl. 4–5.

Appellant's First Point is sustained and the judgment of the trial court is reversed and the cause is remanded.