CONTINENTAL NATIONAL BANK et al., Appellants,

v.

HALL–PAGE TIRE COMPANY, Inc., Appellee.

No. 15939.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 24, 1958.

Rehearing Denied Nov. 21, 1958.

Thompson, Walker, Smith & Shannon, and Wyndall R. Johnson, Fort Worth, for appellant.

Robert J. Maclin, Fort Worth, for appellee.

BOYD, Justice.

■ Appellee Hall-Page Tire Company, Inc., sued appellants Continental National Bank and George Thompson, III, upon a verified account, and upon a trial before a jury, judgment was rendered for appellee against appellants for $459.52, and for $150 attorney's fees.

Appellee alleged that it sold tires and tubes to the Bank through its officer and agent Thompson and that the Bank and Thompson became jointly and severally liable for the purchase price of said items; in the alternative, appellee alleged that Thompson bought the tires and tubes for his own behalf and is individually liable therefor.

There was a sworn denial of the account as provided for by Rule 185, Texas Rules of Civil Procedure.

Issues 1 and 2, with the jury's answers, are as follows:

"Question No. 1: Do you find from a preponderance of the evidence that the defendant, George Thompson, III, purchased for himself all of the tires, tubes and services from the plaintiff, Hall-Page Tire Company, Inc., introduced as evidence in this law suit?

"Answer 'Yes' or 'No'. Answer: Yes.

"Question No. 2: Do you find from a preponderance of the evidence that the defendant, Continental National Bank of Fort Worth, purchased the tires, tubes and services introduced in evidence in this law suit for itself?

"Answer 'Yes' or 'No'. Answer: Yes."

■ Appellants contend that the answers to Issues 1 and 2 are so conflicting as to destroy each other. We agree with this contention. Both answers cannot be correct. If the Bank bought the goods and services for itself, Thompson did not buy them for

himself and no judgment could be rendered against Thompson. If Thompson bought the goods and services for himself, the Bank did not buy them for itself and no judgment could be rendered against the Bank. When material answers are conflicting, the verdict is destroyed and there is nothing on which to base a judgment.

██ It is the duty of the court to so construe a verdict as to obviate a conflict, if possible; but it cannot destroy a conflict by ignoring its source or by giving either finding a forced or unreasonable construction. In construing a verdict, however, every finding is of equal importance and when rightly interpreted it cannot be varied by the correct interpretation of another finding. The effect of a conflict in the findings is to destroy the efficacy of the findings as a verdict, and a mistrial results. 41–B Tex.Jur., pp. 802–807, sec. 582; Graham v. Dallas Ry. & Terminal Co., Tex.Civ.App., 165 S.W.2d 1002, error refused; Phillips v. Texas & Pacific Ry. Co., Tex.Civ.App., 223 S.W.2d 258; Hancock v. Sammons, Tex.Civ.App., 267 S.W.2d 252; Mossler Acceptance Co. v. Robinson, Tex.Civ.App., 255 S.W.2d 914; Blaugrund v. Paulk, Tex.Civ.App., 203 S.W.2d 947.

██ Aside from the fact that the court rendered judgment against both appellants, we cannot presume that the court disregarded the answer to either Issue 1 or Issue 2. Rule 301, T.R.C.P., provides that the judgment shall conform to the verdict, provided that the court may upon motion and notice disregard any special issue finding that has no support in the evidence. No such motion was filed, or notice served, or a hearing had, in compliance with the Rule. In the absence of such motion, notice and hearing, no issue can be disregarded on the ground that there is no evidence to support it. Hines v. Parks, 128 Tex. 289, 96 S.W. 2d 970; Hancock v. Sammons, supra; Service Life Insurance Company v. Miller, Tex.Civ.App., 271 S.W.2d 301.

The judgment is reversed and the cause is remanded.