MISSOURI PACIFIC RAILROAD CO.,
Appellant,

v.

Noe RAMIREZ, Appellee.

No. 3651.

Court of Civil Appeals of Texas.

Waco.

June 4, 1959.

Rehearing Denied July 16, 1959.

Dickens & Dickens, Marlin, John B. McNamara, Jr., Waco, for appellant.

Koehne & Fulbright, Sherwin A. Winniford, Abner V. McCall, Waco, for appellee.

McDONALD, Chief Justice.

Plaintiff Noe Ramirez instituted this suit against defendant Missouri Pacific Railroad Company for personal injuries under the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.), and alleged a cause of action as a result of a violation of the Safety Appliance Act. Plaintiff was an employee of defendant who was assigned the duty of caboose supply, which assignment entailed the servicing of cabooses for defendant, including replenishing of ice in the cabooses serviced. Plaintiff alleged that on the night of 7 March 1957 he was taking a block of ice weighing approximately 50 pounds into caboose 281 in defendant's Mart yard in McLennan County, Texas; that on the caboose there was a stairway at the rear of same practically perpendicular to the ground; that from the ground to the first step is a distance of 18 inches; that the first step is 20 inches wide and approximately 6 inches deep; that plaintiff's left foot slipped on such first step, causing him to fall to the ground, causing injuries to his left foot, ankle, and back (as well as other injuries). Plaintiff alleged that defendant was guilty of various acts of negligence proximately causing his injuries; and that the steps on caboose 281 were not safe and suitable, in violation of the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., and under Order of the Interstate Commerce Commission issued pursuant to the Safety Appliance Act, such order being as follows:

"Caboose Platform—Steps

"Safe and suitable box steps leading to caboose platforms shall be provided at each corner of caboose."

Trial was to a jury. In response to Special Issues the jury found:

1. Defendant failed to provide adequate lighting for plaintiff to perform the

duty of transporting ice to the inside of caboose 281.

2. Such failure was negligence.

3. Such was a proximate cause of plaintiff's injuries.

4. "Do you find from a preponderance of the evidence, if any, that the defendant failed to provide steps on caboose 281 of sufficient width for the plaintiff to transport the ice into the caboose with safety?"

Answer: *"It did not fail."*

5 and 6. Unanswered.

7. "Do you find from a preponderance of the evidence, if any, that the box steps leading to the platform of caboose 281, at the time and place and on the occasion in question, were safe and suitable?"

Answer: *"They were not."*

8. "Do you find from a preponderance of the evidence, if any, that the failure to provide safe and suitable box steps, if you have so found, on the part of the Missouri Pacific Railroad Company was negligence?"

Answer: *"No."*

9. Do you find from a preponderance of the evidence, if any, that the failure to provide safe and suitable box steps, as inquired about, if you have so found, was a proximate cause of the injuries, if any, here complained of?"

Answer: *"Yes."*

10. The damage issue was answered: $90,000.

11. Finds that negligence of the plaintiff bore 60% to the entire negligence of plaintiff and defendant.

12, 13 and 14. Convict plaintiff of contributory negligence proximately causing his injuries.

15. Finds plaintiff's negligence was not the sole proximate cause of his injuries.

16, 17 and 18. Acquit plaintiff of a further alleged act of contributory negligence.

Based on the foregoing verdict the Trial Court entered judgment for the plaintiff for $90,000. Defendant's motions for new trial were overruled.

Defendant appeals on the following points:

1. The court should have disregarded the jury's answer to Issue 7 because:

a. Such answer is merely the expression of the jury's opinion that the regulations of the I.C.C. regarding box steps are inadequate, and

b. There is no evidence to support the jury's answer thereto.

2. There is a fatal conflict in the answers of the jury to the Special Issues submitted by the court.

3. Defendant was deprived of the jury's favorable findings of plaintiff's contributory negligence.

4. The award of the jury is grossly excessive and indicates that the large amount awarded was:

a. To offset the diminution of damages by reason of plaintiff's contributory negligence, or

b. The result of passion and prejudice by the jury in favor of plaintiff, or

c. Against defendant.

5. The charge of the court relative to comparative negligence was misleading and confusing to the jury and unnecessarily revealed to the jury the effect of their answers to the Special Issues submitted.

6. The court erred in excluding the testimony of G. R. Jackson.

7. The court erred in not giving effect to the jury's answer to Issue 8 because thereby the court substituted its findings for that of the jury, and

a. Negligence could not be presumed in the face of a positive finding by the jury of no negligence.

We revert to defendant's 1st contention, which is that the Trial Court should have disregarded the jury's answer to Issue 7 because a) such answer is merely an expression of the jury's opinion that the regulations of the I.C.C. regarding box steps are inadequate, and b) there is no evidence to support the jury's answer thereto.

The applicable regulation of the I.C.C. provides: "Safe and suitable box steps leading to caboose platforms shall be provided at each corner of caboose."

The jury found in answer to Issue 7 that the box steps leading to the platform of caboose 281 at the time and place and on the occasion in question were not safe and suitable.

Defendant contends that such is not a finding that the statutory regulation had been violated, and that there is no evidence to support such finding.

We cannot agree with defendant's contentions. The issue submitted was in the words of the applicable regulation. Whether caboose steps are "safe and suitable" as prescribed by the I.C.C. regulations is a proper jury issue. Stewart v. St. Louis S. F. R. Co., Mo.App., 262 S.W. 440; Davis v. Reynolds, 258 U.S. 627, 42 S.Ct. 383, 66 L.Ed. 798; Knight v. Chicago & N. W. Ry. Co., 3 Ill.App.2d 502, 123 N.E.2d 128. The defendant filed no motion in the Trial Court to disregard the finding. In the absence of motion and reasonable notice as required by Rule 301, Texas Rules of Civil Procedure, the Trial Court could not disregard such finding. Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526, (Com.App., opinion adopted Sup.Ct.); Wilton v. Johnson, Tex.Civ.App., 278 S.W.2d 488; Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, 972 (Com.App., opinion adopted Sup.Ct.); Continental Nat. Bank v. Hall-Page Tire Co., Tex.Civ.App., 318 S.W.2d 127, 129. Further to the foregoing, the record reflects the step was slick; was worn to about ½ its original thickness; that the mesh top was worn, slick and uneven. We think the record ample to reflect that it was not unreasonable for the jury to believe and find that the steps leading into caboose 281 were not safe and suitable for the use which was of necessity made by the plaintiff. See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972.

Plaintiff plead a violation of the Safety Appliance Act, introduced evidence to substantiate same, secured a jury finding thereon. Defendant's 1st point and the contentions thereunder made are overruled.

Defendant's 2nd contention is that fatal conflict exists in the jury's answer to Issues 4 and 7. By its answer to Issue 4 the jury found that defendant did not fail to provide steps on caboose 281 of sufficient width for plaintiff to transport the ice into the caboose with safety. By its answer to Issue 7 the jury found that the box steps leading to the platform of caboose 281 at the time and place, and on the occasion in question, were not safe and suitable. We fail to perceive a conflict between these findings. The steps on the caboose were of *sufficient width* for plaintiff to transport the ice with safety. This in no way forecloses a possibility that the steps were for some other reason, not safe and suitable. Indeed the record before us reflects that the depth of the steps was 6½ inches; and that they were slick and worn. The finding that the width of the steps was sufficient to comport with safety does not preclude the existence of other factors (which the evidence discloses existed) rendering the steps unsafe or unsuitable. The applicable regulation does not confine the meaning of safe and suitable to width of the steps only, therefore, if the jury upon proper evidence found that any other feature or features of the steps failed to be safe or suitable, then they were justified in concluding as they did. Since both findings can be true, there is no irreconcilable conflict therein. See: Graham v. Dallas Ry. & Terminal

Co., Tex.Civ.App., 165 S.W.2d 1002, 1006, W/E Ref.; Dillard v. Traders & General Ins. Co., Tex.Civ.App., 271 S.W.2d 825, 829; Hancock v. Sammons, Tex.Civ.App., 267 S.W.2d 252, W/E Ref. NRE; Fort Worth & D. Ry. Co. v. Britton, Tex.Civ. App., 310 S.W.2d 654, 657, W/E Ref. NRE; 41–B Tex.Jur, p. 802. Defendant's 2nd contention is overruled.

■ Defendant's 3rd contention is that it was deprived of the benefit of the jury's favorable finding of plaintiff's contributory negligence. Defendant here contends that since plaintiff was found guilty of contributory negligence that the award should be reduced by 60% or the amount that plaintiff's contributory negligence bore to the total negligence. This would be true if this judgment depended upon the negligence of the defendant alone, as found in Issues 1, 2, and 3. Appellant states in its brief that it recognizes the principle that if it is guilty of a violation of the Safety Appliance Act it is not entitled to have the award diminished by the percentage of plaintiff's comparative negligence. The jury in Issue 7 found that the steps were not safe and suitable, and in Issue 9 found that the failure to provide safe and suitable steps was a proximate cause of plaintiff's injuries. The liability here is not based on the defendant's negligence, but upon the violation of the absolute duty to comply with the safety requirements. Contributory negligence of the plaintiff is not a defense nor can his comparative negligence be used as a basis for diminution of the award. 45 U.S.C.A. § 53; Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160, (Com.App., opinion adopted Sup.Ct.). Defendant's 3rd contention is overruled.

Defendant in its 4th point contends that the award of the jury is grossly excessive, and asks this court to reverse and remand for such reason; or in the alternative cause a remittitur in the amount of $83,000 to be made; or in the further alternative cause a remittitur in the amount of $54,000 to be made. The damage issue (No. 10) inquired of the jury what sum of money would fairly and reasonably compensate plaintiff for his injuries, if any, taking into consideration the following elements: a) physical pain and mental anguish both past and future; b) loss of earnings both past and future. The jury awarded plaintiff $90,000.

The record reflects that plaintiff is a Latin American. His education consisted of reaching the 4th grade. He speaks English with difficulty and an interpreter was used in the trial of this case. He had worked for the Railroad for approximately 20 years. He had never been ill prior to his injury. He was injured when he fell on the steps of caboose 281. His left foot and leg pained him and swelled up. His back hurt him. He made several trips to the doctor and was sent to the hospital where he stayed for several weeks. After dismissal he went back to the hospital for checkups. He tried to go back to work but could not do the work because of pain. The medical testimony reflected limitation of motion to his left foot and left ankle; injury back up in the nerve root that comes out of the lower part of his back; numbed condition in portions of his back; injuries to his foot and ankle which are progressive; arthritic changes; inflammation; traumatic arthritis; arthritis on each side of the vertebrae of his "low back"; injured disc in his low back; that plaintiff is totally disabled now; that the chance of an operation relieving him completely is very remote. The record reflected that the plaintiff was making $518.61 per month, and had a life expectancy of 20.64 years. There was testimony that without skill in the administration of investments a person of ordinary care and prudence could realize between 3% and 4% with safety; that the present value of plaintiff's earnings for his life expectancy and assuming an earning rate of 3% would be $86,324, and at 4% $93,056.

There is no showing that the jury was actuated by passion, prejudice or other improper motive. There is no statement of facts of any evidence adduced on motion for new trial.

The jury had before it expert medical evidence that in reasonable medical certainty plaintiff had a traumatic injury to his left ankle and foot and an injury to a disc in his low back. Before this opinion was given them, the jury heard the doctor tell of the extensive examinations conducted by him and the specific findings therein. X-rays of the injured parts of plaintiff's anatomy were before the jury with a detailed medical explanation as to their significance of the conditions as reflected in the X-rays. Again, the jury had before them the opinion that in reasonable medical certainty the cause of plaintiff's injuries was his falling from the step on caboose 281. There was medical testimony that the ankle had four injuries and that such injuries were progressive in nature so that the condition would in all reasonable probability cause plaintiff more disability in the future. The jury heard expert medical testimony to the effect that plaintiff is totally disabled at the present time to perform as a laborer. There was further testimony that plaintiff would probably have to have extensive treatment to his back, and in all probability surgery, wherein he would be hospitalized for six to eight months and completely disabled from six to twelve months longer; that aside from the injuries to his back the ankle injury was progressive and disabling and therefore plaintiff could not perform as a laborer; that the possibility was remote that a successful operation on plaintiff's back would cure him of his disability; that even after corrective surgery there is a compression fracture which cannot be helped a whole lot; that a completely successful operation would give plaintiff a 50 to 75 per cent chance to earn a living but he would still have pain; that a fifty per cent chance existed that he would never do much work, because he might develop adhesions along the spinal cord and have pain the rest of his life.

13 Tex.Jur., p. 276, expresses the applicable rule thusly:

"Review by Appellate Court. Although the verdict is large and the trial court, in the exercise of a sound discretion, might properly have set it aside, the appellate court will not disturb the verdict because it may seem too large, in the absence of circumstances tending to show that it was the result of passion, prejudice, or other improper motive * * *."

In Fort Worth & D. C. Ry. Co. v. Gifford, Tex.Civ.App., 252 S.W.2d 204, 205, Justice Culver, in affirming a $70,000 award, said:

"The jury verdict must stand unless it is the result of passion, bias, prejudice, sympathy or corruption, and the court has no power to substitute its own judgment for that of the jury. Courts are slow to set aside a verdict that has been approved by the trial court."

Other authorities in harmony with the foregoing are: Loughry v. Hodges, Tex. Civ.App., 215 S.W.2d 669, 675, W/E Ref. N.R.E.; Miller v. Tilton, Tex.Civ.App., 289 S.W.2d 426; Sharpe v. Munoz, Tex.Civ. App., 256 S.W.2d 890, N.R.E.; Pruett v. Mabry, Tex.Civ.App., 268 S.W.2d 532, N. R.E.; Panos v. Jackson, Tex.Civ.App., 253 S.W.2d 705, N.R.E.; Gulf, C. & S. F. R. Co. v. Darrah, Tex.Civ.App., 193 S.W. 253; Thompson v. Barnes, Tex.Civ.App., 236 S. W.2d 656; Texas & N. O. R. Co. v. Jacks, Tex.Civ.App., 306 S.W.2d 790, N.R.E.; Missouri Pacific R. Co. v. Rhoden, Tex.Civ. App., 310 S.W.2d 607; Thompson v. Robbins, Tex.Civ.App., 297 S.W.2d 247, affirmed 304 S.W.2d 111; Houston, Belt & Terminal Ry. Co. v. Burmester, Tex.Civ. App., 309 S.W.2d 271, N.R.E.

Defendant has shown no bias or prejudice or other improper motive on the part of the jury.

Considering the record before us reflecting plaintiff's pain, suffering and disability to perform work and his loss of earnings, and squaring same with the authorities cited, we are unable to say that the

award is excessive. Defendant's 4th point is overruled.

■ Defendant by its 5th point contends that the charge of the court relative to comparative negligence was misleading and confusing to the jury and unnecessarily revealed to the jury the effect of their answers to the issues submitted. Defendant's objections to the court's charge did not set forth the objection now made, for which reason the objection is waived. Rule 272, T.R.C.P.; Rule 274, T.R.C.P.; Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979, 981; Larson v. Ellison, 147 Tex. 465, 217 S.W.2d 420.

■ Defendant's 6th point is levelled at the exclusion of the testimony of the witness G. R. Jackson by the trial court. Jackson, an employee of defendant, with the job of supervising the repairs of freight cars, testified to the size, shape, dimensions, etc., of the steps on caboose 281. He further testified he was familiar with the requirements for safety made by the I.C.C. and the AAR. He was then asked if the steps on caboose 281 complied with the rules of safety as set out by the I.C.C. and the ARC. Objection was sustained to his answering the question on the ground that his answer was a conclusion and usurped the authority of the jury. The applicable regulation is that the steps be safe and suitable. The witness testified fully as to the condition of the steps. His opinion as to whether same were safe and suitable does not fall into the category of science, skill, or trade, for which reason such opinion was not of necessity in aiding the jury in determining the question at hand. Shelley v. City of Austin, 74 Tex. 608, 12 S.W. 753; Benson v. Missouri, K. & T. R. Co., Tex.Civ.App., 200 S.W.2d 233, 239 NRE. We think the Trial Court's action correct. If we be mistaken in the foregoing we are of the view that such error was harmless. Rule 434, T.R.C.P.

Defendant's 7th and final contention is that the Trial Court erred in not giving effect to the jury's answer to Issue 8. Issue 7 found that the steps were not safe and suitable. Issue 8 found that the failure to provide safe and suitable steps was not negligence on the part of the defendant. Issue 9 found that the failure to provide safe and suitable steps was a proximate cause of the plaintiff's injuries.

■ The law is well settled that where there is found a violation of the Safety Appliance Act the question as to whether or not such violation was due to the *negligence* of the party in default is of no consequence. St. Louis I. M. & S. R. Co. v. Taylor, 210 U.S. 281, 294, 28 S.Ct. 616, 620, 52 L.Ed. 1061, 1067; Brady v. Terminal R. Ass'n, 303 U.S. 10, 15, 58 S.Ct. 426, 429, 82 L.Ed. 614, 618; Missouri-Kansas-Texas R. Co. v. Evans, 151 Tex. 340, 250 S.W.2d 385, 388. In the M.-K.-T. case, supra, the court said:

"* * * also that the statutory liability imposed by the Safety Appliance Act is not based upon the carrier's negligence but on an *absolute duty* and the carrier is not excused by any showing of care however assiduous. * * * The statute 'has been liberally construed' so as to give a right of recovery for every injury, the proximate cause of which was a failure to comply with a requirement of the Act."

Issue 8 was therefore surplusage in the charge and was properly disregarded by the Trial Court in rendering its judgment.

■ Further to the foregoing, defendant did not assign the foregoing point in its motion for new trial in the Trial Court. Rules 321, 374, T.R.C.P. Defendant's 7th point is overruled.

Finding no reversible error, it follows that the judgment of the Trial Court is Affirmed.

WILSON, J., not participating.